IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| BLAKE DEWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: CV-05-145-D |
| | ) | |
| TROY UNIVERSITY, AN ALABAMA | ) | |
| PUBLIC STATE UNIVERSITY,; | ) | |
| DR. JACK HAWKINS, JR., in his | ) | |
| Individual capacity And as | ) | |
| CHANCELLOR OF TROY | ) | |
| UNIVERSITY; JERRY JOHNSON, in | ) | |
| his individual capacity And as HEAD OF | ) | |
| THE TROY UNIVERSITY | ) | |
| DEPARTMENT, OF ART AND | ) | |
| DESIGN; ROBERT JOSLIN, in his | ) | |
| individual capacity And as a | ) | |
| PROFESSOR AND DIRECTOR OF | ) | |
| PHOTOGRAPHY IN THE TROY | ) | |
| UNIVERSITY DEPARTMENT OF ART,) | | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ROBERT JOSLIN'S MOTION TO
DISMISS BASED ON INSUFFICIENCY OF SERVICE OF PROCESS**

Pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, Defendant Robert Joslin respectfully moves this court to dismiss the complaint against him based upon insufficiency of service of process. The specific grounds for this motion are as follows:

1. A "Return of Service" filed in the United States District Court for the Middle District with regard to purported service upon "Robert Joslin, in his individual capacity and as a Professor and Director of Photography in the Troy University Department of Art" states that a process server named Michael Magrino "left" a summons and complaint "with Barbara Starling of Nicholas Cervera's office, attorney for Troy State University." (See Exhibit A).

2. Mr. Magrino leaving a summons and complaint "with Barbara Starling of Nicholas Cervera's office, attorney for Troy State University" is insufficient because it does not comply with Fed.R.Civ.P. 4(e), the Rule setting forth "Service Upon Individuals Within a Judicial District of the United States."

3. Rule 4(e) states as follows:

"Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:

(1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or

(2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process." Fed.R.Civ.P. 4(e).

4. In this district United States District Court for Middle District of Alabama, effecting service of process via Fed.R.Civ.P. 4(e)(1) is the same as effective service of process pursuant to state law via Fed.R.Civ.P. 4(e)(2), because Alabama Rule of Civil Procedure 4(c)(1) tracks Fed.R.Civ.P. 4(e)(2) almost verbatim.[1]

---

[1] As shown below, Alabama's rule regarding service of process, Rule 4(c)(1), tracks FRCP 4(e)(2) as follows: "Service of process, except service by publication as provided in Rule 4.3, shall be made as follows:

Upon an individual, other than a minor or an incompetent person, by serving the individual or by leaving a copy of the summons and the complaint at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process." ARCP 4(c)(1).

5. The affidavit of Defendant Joslin, attached as Exhibit B to this motion, establishes the following:

    a. a copy of a summons and of the complaint has not been delivered personally to Defendant Joslin;

    b. a copy of a summons and of the complaint has not been left at Defendant Joslin's dwelling house or usual place of abode; and,

    c. a copy of a summons and of the complaint has not been delivered to an agent authorized by appointment or by law to receive service of process on behalf of Defendant Joslin.

6. Neither Nicholas Cervera, identified as "attorney for Troy State University," nor Barbara Starling, Mr. Cervera's secretary, was authorized by Defendant Joslin to receive service of process on his behalf. (See Exhibit B).

7. "On a motion to dismiss for insufficiency of service, the plaintiff bears the burden of establishing the validity of process." Prewitt Enterprises, Inc. v. OPEC, 224 F.R.D. 497, 501 (N.D. Ala. 2004).

8. Because plaintiff in this case did not comply with Fed.R.Civ.P. 4(e), Defendant Robert Joslin's Rule 12(b)(5) Motion to Dismiss is due to be granted and the complaint filed against him dismissed in its entirety.

WHEREFORE, PREMISES CONSIDERED, Defendant Robert Joslin respectfully moves this Court to grant his Fed.R.Civ.P. 12(b)(5) Motion to Dismiss.

Respectfully submitted

s/Joseph V. Musso
Bar Number: ASB-4825-O40J

Peyton Lacy, Jr.
James C. Pennington
Joseph V. Musso
Attorneys for Defendant
Ogletree, Deakins, Nash,
   Smoak & Stewart, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL  35203
Telephone:  (205) 328-1900
Facsimile:  (205) 328-6000
E-mail:  joseph.musso@odnss.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  James W. Parkman, III – parkman@graceba.net; and William C. White, III – parkman@graceba.net.

Respectfully submitted

s/Joseph V. Musso
Bar Number: ASB-4825-O40J

Peyton Lacy, Jr.
James C. Pennington
Joseph V. Musso
Attorneys for Defendant
Ogletree, Deakins, Nash,
   Smoak & Stewart, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL  35203
Telephone:  (205) 328-1900
Facsimile:  (205) 328-6000
E-mail:  joseph.musso@odnss.com