**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **BLAKE DEWS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NUMBER:** |
| | ) | |
| **TROY UNIVERSITY, et al.,** | ) | **2:05-cv-1045-T** |
| | ) | |
| **Defendants.** | ) | |

### DEFENDANT JERRY JOHNSON'S ANSWER

Defendant Jerry Johnson (hereinafter "Defendant" or "Johnson") answers the Complaint as follows:

1.      Paragraph 1 of the Complaint is answered as follows:

(a)      Admitted that Plaintiff attempts to bring claims based on alleged constitutional, statutory, and common law rights.

(b)      Defendant denies that it violated any constitutional, statutory, or common law right.

(c)      Defendant denies that Plaintiff is due any relief sought.

(d)      Except to the extent answered above, the allegations of Paragraph 1 are denied.

2.      Paragraph 2 of the Complaint is answered as follows:

(a)      Troy University publicly displayed Plaintiff's artistic work.

(b)      Defendant denies that Plaintiff is due any relief sought.

(c)      Except to the extent answered above, the allegations of Paragraph 2 are denied.

3.      Paragraph 3 of the Complaint is answered as follows:

(a)      Admitted that Plaintiff attempts to bring claims based on the First and Fourteenth Amendments to the United States Constitution; 42 U.S.C. § 1983; Article I, § 4 of the Alabama Constitution, and Alabama state law.

(b)      Defendant denies that it violated the First and Fourteenth Amendments to the United States Constitution; 42 U.S.C. § 1983; Article I, § 4 of the Alabama Constitution, or Alabama state law.

(c)      Defendant denies that Plaintiff is due any relief sought.

(d)      Except to the extent answered above, the allegations of Paragraph 3 are denied.

4.      Paragraph 4 of the Complaint is answered as follows:

(a)      Defendant is without sufficient knowledge or information to form a belief as to whether Plaintiff has lived and resided in Troy, Pike County, Alabama, during the school year and returns to his alleged permanent home in Dothan, Alabama, when not enrolled in classes.

(b)      Plaintiff is a senior scheduled to graduate from Troy University in December 2005 with a degree in Photo Studio.

(c)      Photo Studio is a program of study in Troy University's College of Communication and Fine Arts.

(d)      Defendant is without sufficient knowledge or information to form a belief as to whether Plaintiff plans of making art his career.

(e)      Except to the extent answered above, the allegations of Paragraph 4 are denied.

2

5.     Paragraph 5 of the Complaint is answered as follows:

(a)     Troy University was formerly known as Troy State University.

(b)     Troy University is an Alabama public state university.

(c)     Troy University is located in Troy, Pike County, Alabama.

(d)     Troy University was established under the laws of the State of Alabama.

(e)     Alabama Constitution Article I, § 14 provides for the sovereign immunity of the state and this immunity extends to Troy University.

(f)     Troy University is an arm of the State of Alabama and is thus entitled to immunity pursuant to the Eleventh Amendment of the United States Constitution.

(g)     Except to the extent answered above, the allegations of Paragraph 5 are denied.

6.     The allegations of Paragraph 6 of the Complaint are admitted.

7.     Paragraph 7 of the Complaint is answered as follows:

(a)     Jerry Johnson ("Johnson") is the chairman of the Department of Art and Design for the College of Communication and Fine Arts at Troy University.

(b)     Jerry Johnson has taught the plaintiff.

(c)     Except to the extent answered above, the allegations of Paragraph 7 are denied.

8.     Paragraph 8 of the Complaint is answered as follows:

(a)     Robert Joslin ("Joslin") is Director of Photography for the College of Communication and Fine Arts at Troy University.

       (b)     Joslin was plaintiff's teacher in ART 3348: Photo Studio III during the fall semester 2003.

       (c)     Except to the extent answered above, the allegations of Paragraph 8 are denied.

    9.     Paragraph 9 of the Complaint is answered as follows:

       (a)     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over the subject matter of plaintiff's claims brought pursuant to the First and Fourteenth Amendments, but is deprived of jurisdiction over this defendant by the Eleventh Amendment to the United States Constitution and Article I § 14 of the Alabama Constitution.

       (b)     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 brought pursuant to the Alabama Constitution.

       (c)     Except to the extent answered above, the allegations of Paragraph 9 are denied.

    10.     Paragraph 10 of the Complaint is answered as follows:

       (a)     Defendant does not contest venue with regard to claims brought pursuant to the United States Constitution and the Alabama Constitution.

       (b)     This Court is not the proper venue for Plaintiff's Alabama state law contract claim.

       (c)     Except to the extent answered above, the allegations of Paragraph 10 are denied.

    11.     Paragraph 11 of the Complaint is answered as follows:

       (a)     Troy University annually publishes a student handbook and undergraduate catalogue. These documents speak for themselves.

     (b)     The Complaint served on Defendant did not include an Exhibit 1.

     (c)     Except to the extent answered above, the allegations of Paragraph 11 are denied.

    12.     Paragraph 12 of the Complaint is answered as follows:

     (a)     Troy University's Sexual Harassment Policy speaks for itself.

     (b)     Except to the extent answered above, the allegations of Paragraph 12 are denied.

    13.     Paragraph 13 of the Complaint is answered as follows:

     (a)     Troy University's Sexual Harassment Policy speaks for itself.

     (b)     Except to the extent answered above, the allegations of Paragraph 13 are denied.

    14.     Paragraph 14 of the Complaint is answered as follows:

     (a)     Troy University's student handbook speaks for itself.

     (b)     Except to the extent answered above, the allegations of Paragraph 14 are denied.

    15.     Paragraph 15 of the Complaint is answered as follows:

     (a)     Troy University's student handbook and undergraduate catalogue speak for themselves.

     (b)     Except to the extent answered above, the allegations of Paragraph 15 are denied.

    16.     Paragraph 16 of the Complaint is answered as follows:

     (a)     Troy University's student handbook speaks for itself.

(b)    Except to the extent answered above, the allegations of Paragraph 16 are denied.

17.    Paragraph 17 of the Complaint is answered as follows:

(a)    Troy University's student handbook speaks for itself.

(b)    Except to the extent answered above, the allegations of Paragraph 17 are denied.

18.    Paragraph 18 of the Complaint is answered as follows:

(a)    Troy University's student handbook and undergraduate catalogue speak for themselves.

(b)    Except to the extent answered above, the allegations of Paragraph 18 are denied.

19.    Paragraph 19 of the Complaint is answered as follows:

(a)    Ala. Code § 16-1-23 speaks for itself.

(b)    Except to the extent answered above, the allegations of Paragraph 19 are denied.

20.    Paragraph 20 of the Complaint is answered as follows:

(a)    Troy University's student handbook speaks for itself.

(b)    Except to the extent answered above, the allegations of Paragraph 20 are denied.

21.    Paragraph 21 of the Complaint is answered as follows:

(a)    Troy University's undergraduate catalogue speaks for itself.

(b)    Except to the extent answered above, the allegations of Paragraph 21 are denied.

22.     Paragraph 22 of the Complaint is answered as follows:

(a)     Plaintiff enrolled in ART 4435: Collaborative Studio.

(b)     ART 4435 is part of the required curriculum for a Photo Studio major.

(c)     Except to the extent answered above, the allegations of Paragraph 22 are denied.

23.     Paragraph 23 of the Complaint is answered as follows:

(a)     See Paragraph 7 for Johnson's title.

(b)     Johnson was an instructor for the ART 4435 course.

(c)     Except to the extent answered above, the allegations of Paragraph 23 are denied.

24.     Paragraph 24 of the Complaint is answered as follows:

(a)     Johnson assigned the students in ART 4435 to create work based on the theme of birth.

(b)     Except to the extent answered above, the allegations of Paragraph 24 are denied.

25.     The allegations of Paragraph 25 are denied.

26.     The allegations of Paragraph 26 are denied.

(a)     Plaintiff was required to participate in weekly evaluations.

(b)     Mr. Johnson was able to view portions of the work in various stages.

(c)     Defendant is without sufficient knowledge or information to form a belief as to whether other artists in the class were able to view the work in various stages.

(d)     Except to the extent answered above, the allegations of Paragraph 26 are denied.

27.     Paragraph 27 of the Complaint is answered as follows:

(a)     Defendant objects to use of the term "countless" as it is too vague and ambiguous for defendant to frame a responsive answer.

(b)     Defendant is without sufficient knowledge or information to form a belief as to how much of plaintiff's own money he expended, if any.

(b)     Except to the extent answered above, the allegations of Paragraph 27 are denied.

28.     Paragraph 28 of the Complaint is answered as follows:

(a)     Plaintiff's student assignment consisted of photographs of males and females in various stages of dress or lack thereof.

(b)     Except to the extent answered above, the allegations of Paragraph 28 are denied.

29.     The allegations of Paragraph 29 are denied.

30.     Paragraph 30 of the Complaint is answered as follows:

(a)     Plaintiff's student assignment was displayed in the HAL Hall of Honor along with other student works of art.

(b)     Except to the extent answered above, the allegations of Paragraph 30 are denied.

31.     Paragraph 31 of the Complaint is answered as follows:

(a)     The exhibit was sponsored by the Department of Art and Design in conjunction with the College of Communication and Fine Art.

(b)     The exhibit was displayed for students enrolled in ART 4435 and for members of the general public pursuant to Troy University's educational mission.

(c)     Except to the extent answered above, the allegations of Paragraph 31 are denied.

32.     Paragraph 32 of the Complaint is answered as follows:

(a)     Troy University provided some costs associated with the student exhibit.

(b)     Except to the extent answered above, the allegations of Paragraph 32 are denied.

33.     Paragraph 33 of the Complaint is answered as follows:

(a)     A sign was placed outside the exhibit warning of nudity.

(b)     Except to the extent answered above, the allegations of Paragraph 33 are denied.

34.     Paragraph 34 of the Complaint is answered as follows:

(a)     Plaintiff's work and the work of other students exhibiting in the exhibit contained nude images.

(b)     Except to the extent answered above, the allegations of Paragraph 34 are denied.

35.     Paragraph 35 of the Complaint is answered as follows:

(a)     Defendant is without sufficient knowledge or information to form a belief as to where plaintiff was during the opening of the exhibit and whether he did or did not hear negative feedback about his student assignment.

(b)     Defendant is without sufficient knowledge or information to form a belief as to whether plaintiff received a positive response from fellow artists.

36.     Paragraph 36 of the Complaint is answered as follows:

(a)     Plaintiff received an award for his piece in the exhibit.

(b)     Except to the extent answered above, the allegations of Paragraph 36 are denied.

37.    The allegations of Paragraph 37 are denied.

38.    Paragraph 38 of the Complaint is answered as follows:

(a)     During the finals week, the exhibit was available for viewing upon request pursuant to Troy University's educational mission.

(b)     During Christmas break, the exhibit was locked.

(c)     Except to the extent answered above, the allegations of Paragraph 38 are denied.

39.    Paragraph of 39 of the Complaint is answered as follows:

(a)     Prior to the start of spring semester 2004, Plaintiff had a conversation with Mr. Johnson.

(b)     Mr. Johnson told the plaintiff that the University's attorney had been consulted with regard to nudity in the piece.

(c)     Mr. Johnson told the plaintiff that there was a concern that the exhibition of the work might be in violation of the Alabama's criminal obscenity laws.

(d)     Except to the extent answered above, the allegations of Paragraph 39 are denied.

40.    Paragraph 40 of the Complaint is answered as follows:

(a)     Defendant is without sufficient knowledge or information to form a belief as to whether Plaintiff refused to remove any images from the work and what his motivations may or may not have been.

(b)     Except to the extent answered above, the allegations of Paragraph 40 are denied.

41.     Defendant is without sufficient knowledge or information to form a belief with regard to the allegations in Paragraph 41 and therefore denies them.

42.     Paragraph 42 of the Complaint is answered as follows:

(a)     Mr. Johnson called Plaintiff on Plaintiff's cell phone prior to start of Spring Semester classes.

(b)     Except to the extent answered above, the allegations of Paragraph 42 are denied.

43.     The allegations of Paragraph 43 are denied.

44.     Paragraph 44 of the Complaint is answered as follows:

(a)     Defendant is without sufficient knowledge or information to form a belief as to whether Plaintiff transported the piece to a storage building and as to whether he paid any storage costs.

(b)      Except to the extent answered above, the allegations of Paragraph 44 are denied.

45.     The allegations of Paragraph 45 are denied.

46.     Paragraph 46 of the Complaint is answered as follows:

(a)     Defendant is without sufficient knowledge or information to form a belief as to what Plaintiff knew or did not know with regard to complaints about his work during any period of time the work was displayed.

(b)     Except to the extent answered above, the allegations of Paragraph 46 are denied.

47.    The allegations of Paragraph 47 are admitted.

48.    Paragraph 48 of the Complaint is answered as follows:

      (a)    Defendant has not engaged in any unconstitutional actions.

      (b)    Except to the extent answered above, the allegations of Paragraph 48 are denied.

49.    The allegations of Paragraph 49 are admitted.

50.    Paragraph 50 of the Complaint is answered as follows:

      (a)    Plaintiff was instructed by Mr. Joslin that he did not permit students to shoot pornography in Troy University's photography studio.

      (b)    Except to the extent answered above, the allegations of Paragraph 50 are denied.

51.    The allegations of Paragraph 51 are denied.

52.    The allegations of Paragraph 52 are denied.

53.    The allegations of Paragraph 53 are denied.

54.    The allegations of Paragraph 54 are denied.

55.    The allegations of Paragraph 55 are denied.

56.    The allegations of Paragraph 56 are denied.

57.    For answer to Paragraph 57 of the Complaint, Defendant repeats and incorporates its responses to Paragraphs 1-56.

58.    The allegations of Paragraph 58 are denied.

59.    The allegations of Paragraph 59 are denied.

60.    The allegations of Paragraph 60 are denied.

61.    The allegations of Paragraph 61 are denied.

62.    The allegations of Paragraph 62 of the Complaint are denied, and Plaintiff is not due any relief sought or any other legal or equitable relief.

63.    The allegations of Paragraph 63 of the Complaint are denied, and Plaintiff is not due any relief sought or any other legal or equitable relief.

64.    For answer to Paragraph 64 of the Complaint, Defendant repeats and incorporates its responses to Paragraphs 1-63.

65.    The allegations of Paragraph 65 are denied.

66.    The allegations of Paragraph 66 are denied.

67.    The allegations of Paragraph 67 are denied.

68.    The allegations of Paragraph 68 are denied.

69.    The allegations of Paragraph 69 of the Complaint are denied, and Plaintiff is not due any relief sought or any other legal or equitable relief.

70.    The allegations of Paragraph 70 of the Complaint are denied, and Plaintiff is not due any relief sought or any other legal or equitable relief.

71.    For answer to Paragraph 71 of the Complaint, Defendant repeats and incorporates its responses to Paragraphs 1-70.

72.    The allegations of Paragraph 72 are denied.

73.    The allegations of Paragraph 73 are denied.

74.    The allegations of Paragraph 74 are denied.

75.    The allegations of Paragraph 75 of the Complaint are denied, and Plaintiff is not due any relief sought or any other legal or equitable relief.

76.    The allegations of Paragraph 76 of the Complaint are denied, and Plaintiff is not due any relief sought or any other legal or equitable relief.

77.    For answer to Paragraph 77 of the Complaint, Defendant repeats and incorporates its responses to Paragraphs 1-76.

78.    The allegations of Paragraph 78 are denied.

79.    The allegations of Paragraph 79 are denied.

80.    The allegations of Paragraph 80 are denied.

81.    The allegations of Paragraph 81 of the Complaint are denied, and Plaintiff is not due any relief sought or any other legal or equitable relief.

82.    The allegations of Paragraph 82 of the Complaint are denied, and Plaintiff is not due any relief sought or any other legal or equitable relief.

83.    For answer to Paragraph 83 of the Complaint, Defendant repeats and incorporates its responses to Paragraphs 1-82.

84.    The allegations of Paragraph 84 are denied.

85.    The allegations of Paragraph 85 of the Complaint are denied, and Plaintiff is not due any relief sought or any other legal or equitable relief.

86.    The allegations of Paragraph 86 of the Complaint are denied, and Plaintiff is not due any relief sought or any other legal or equitable relief.

87.    For answer to Paragraph 87 of the Complaint, Defendant repeats and incorporates its responses to Paragraphs 1-86.

88.    Paragraph 88 of the Complaint is answered as follows:

(a)    The student handbook and undergraduate bulletin speak for themselves.

(b)    Except to the extent answered above, the allegations of Paragraph 88 are denied.

89.    The allegations of Paragraph 89 are denied.

90.    Paragraph 90 of the Complaint is answered as follows:

(a)    Defendant is without sufficient knowledge or information to form a belief as to how much time and money plaintiff expended on the assignment and whether Plaintiff gave his best effort.

(b)    Defendant is without sufficient knowledge or information to form a belief as to whether plaintiff received praise from his fellow artists.

(c)    Except to the extent answered above, the allegations of Paragraph 90 are denied.

91.    Paragraph 91 of the Complaint is answered as follows:

(a)    There was no contract as alleged by Plaintiff.

(b)    Except to the extent answered above, the allegations of Paragraph 91 are denied.

92.    Paragraph 92 of the Complaint is answered as follows:

(a)    There was no contract as alleged by Plaintiff.

(b)    Except to the extent answered above, the allegations of Paragraph 92 are denied.

93.    Paragraph 93 of the Complaint is answered as follows:

(a)    There was no contract as alleged by Plaintiff.

(b)    Plaintiff is not due any relief sought or any other legal or equitable relief.

(c)    Except to the extent answered above, the allegations of Paragraph 93 are denied.

The Prayer for Relief is answered as follows:

(a)    Plaintiff is not due any of the relief sought in his Prayer for Relief or to any other legal or equitable relief.

(b)    Except to the extent answered above, the allegations contained in the Prayer for Relief are denied.

B.    <u>DEFENSES AND ADDITIONAL ANSWER TO THE COMPLAINT</u>:

94.    Except to the extent answered above, the allegations of the Complaint are denied.

95.    Plaintiff fails to state a claim upon which relief may be granted.

96.    Plaintiff's claims are barred in whole or in part, by the Eleventh Amendment to the United States Constitution.

97.    Plaintiff's claims are barred by Article I, § 14 of the Alabama Constitution.

98.    Defendant is entitled to absolute immunity from suit.

99.    Defendant is entitled to qualified immunity.

100.    Defendant is entitled to discretionary immunity.

101.    Defendant is not a person within the meaning of 42 U.S.C. § 1983.

102.    Troy University is an arm of the State of Alabama.

103.    Troy University has not waived and does not waive its immunity from suit under the Eleventh Amendment to the United States Constitution, nor under Article I, § 14 of the Alabama Constitution.

104.    The Eleventh Amendment to the United States deprives this court of jurisdiction over this Defendant and this action.

105.    As an arm of the State of Alabama and entitled to the protections of the Eleventh Amendment to the United States Constitution and Article I § 14 of the Alabama Constitution, Troy University does not have the capacity to be sued.

106.    The conditions precedent to suit have not been satisfied in that Plaintiff has not exhausted his contractual and administrative remedies.

107.    Plaintiff has not alleged, nor can he prove, any consideration to support the contract as alleged.

108.    Defendant did not breach any contract.

109.    Plaintiff's claims are barred by the doctrine of *de minimis non curat lex*.

110.    This court is not a proper forum or venue for Plaintiff's Alabama state law contract claim.

111.    To the extent any claim falls outside of any applicable statute of limitation, it is precluded.

112.    Plaintiff is precluded from recovering any damages or other relief not provided for by statutory or case law.

113.    Plaintiff's failure to mitigate damages precludes and/or limits any alleged damages.

114.    Some or all of the claims in the Complaint may be barred by the doctrine of waiver and/or estoppel.

115.    Some or all of the claims in the Complaint are due to be dismissed because they are moot.

116.    Some or all of the claims in the Complaint are due to be dismissed based on the doctrine of ripeness.

117.    Plaintiff does not have standing to bring some or all of the claims alleged in the Complaint because he has not suffered any constitutionally recognized injury in fact that is fairly traceable to defendant's conduct and is likely to be redressed by a judicial action.

118.    Plaintiff does not have standing to bring some or all of the claims alleged in the Complaint because he has not alleged nor can he prove a real or immediate threat that he will be wronged again.

119.    Plaintiff's claims are barred in whole or in part, by his failure to exhaust his administrative remedies.

120.    Defendant provided Plaintiff all the process he is due under the Fourteenth Amendment to the United States Constitution.

121.    Some or all of the claims in the Complaint are due to be dismissed based on the doctrine of unclean hands.

122.    Some or all of the claims in the Complaint are due to be dismissed based on the doctrine of laches and the applicable statute of limitations.

123.    Troy University did not open the HAL Hall of Honor or any of its classrooms or buildings for indiscriminate use.

124.    Troy University did not open the HAL Hall of Honor or any of its classrooms or buildings for any activity not in furtherance of the school's educational mission.

125.    The HAL Hall of Honor is not a public forum.

126.    Imposition of federal standards on the content of the work assigned and review thereof by Troy University in exercising its educational mission would violate the rights of Defendant and its instructors guaranteed by the First and Fourteenth Amendments to the United States Constitution.

127.    Neither the rights in United States Constitution nor the rights in the Alabama Constitution extend to a university student choosing his own curriculum or classroom management in contravention of school policy or dictates.

128.    Neither the United States Constitution nor the Alabama Constitution prohibit Troy University or one of its faculty members from placing reasonable restrictions on the learning experience so as to comply with the University's educational mission.

129.    Defendant is entitled to reasonably regulate speech and campus activities in furtherance of the school's educational mission.

130.    Defendant's actions were narrowly tailored to serve a compelling state interest.

131.    Defendant's educational mission justified any reasonable restrictions placed on the Plaintiff.

132.    Defendant's actions were neither unreasonable nor arbitrary and capricious.

133.    Any limitations on the exhibition of Plaintiff's art work were appropriate and reasonable time, place, and manner restrictions.

134.    Even if Plaintiff proved that Defendant was motivated by any unconstitutional reason with respect to any legally actionable decision, Defendant will prove that he would have reached the same decision in the absence of any impermissible motivation.

135.    Plaintiff has not pled a property interest protected by the Due Process Clause.

136.    No action of Defendant is the proximate cause of any injury or damages alleged by Plaintiff.

137.    Defendant pleads insufficiency of service of process.

138.    Plaintiff's failure to serve the Attorney General of the State of Alabama bars

Plaintiff's claims, in whole or in part, and deprives this court of jurisdiction to determine the

constitutionality of any state action.

139.    Defendant reserves the right to assert any and all defenses that may be applicable.


Respectfully submitted,

s/ Joseph V. Musso
Bar No:  ASB-4825-O40J
James C. Pennington
Peyton Lacy, Jr.
Attorneys for Defendant
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama  35203-2118
Telephone:  (205) 328-1900
Facsimile :  (205) 328-6000

Email:  joseph.musso@ogletreedeakins.com




## JURY DEMAND

Defendant demands a trial by struck jury on all issues triable to a jury.


s/ Joseph V. Musso
Bar No:  ASB-4825-O40J
OF COUNSEL

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/EDF system which will send notification of such filing to the following:

James W. Parkman, III
Parkman & Associates
Email:   parkman@graceba.net

William C. White, III
Parkman & Associates
Email:  parkman@graceba.net

Respectfully submitted,

s/ Joseph V. Musso
Bar No:  ASB-4825-O40J
James C. Pennington
Peyton Lacy, Jr.
Attorneys for Defendant
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama  35203-2118
Telephone:  (205) 328-1900
Facsimile :  (205) 328-6000
Email:  joseph.musso@ogletreedeakins.com