# EXHIBIT E

RECEIVED

2005 OCT 31  A II: 37

DEBRA
U.S. DISTRICT COURT
MIDDLE DIS    PLAINTIFF,

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

BLAKE DEWS,                                )
                                           )
                                           )
                                           )
        PLAINTIFF,                         )
                                           )
V.                                         )        CASE NO. 2:05 cv 1045 D
                                           )
TROY UNIVERSITY, AN ALABAMA                )
PUBLIC STATE UNIVERSITY,                   )
        Serve: _____                )
               _____                )
                                           )
DR. JACK HAWKINS, JR., IN HIS              )
INDIVIDUAL CAPACITY AND AS                 )
CHANCELLOR OF TROY UNIVERSITY,             )
        Serve: _____                )
               _____                )
                                           )
JERRY JOHNSON, IN HIS INDIVIDUAL           )
CAPACITY AND AS HEAD OF THE                )
TROY UNIVERSITY DEPARTMENT,                )
OF ART AND DESIGN,                         )
        Serve: _____                )
               _____                )
                                           )
                                           )
ROBERT JOSLIN, IN HIS INDIVIDUAL           )
CAPACITY AND AS A PROFESSOR AND            )
DIRECTOR OF PHOTOGRAPHY IN THE             )
TROY UNIVERSITY DEPARTMENT OF ART,         )
        Serve: _____                )
               _____                )
                                           )
        DEFENDANTS.                        )

## **COMPLAINT**

Plaintiff Blake Dews, through undersigned counsel, states as follows for his Complaint

against Defendants Troy University, Dr. Jack Hawkins, Jr., Jerry Johnson, and Robert Joslin,

(collectively, the "Defendants").

## INTRODUCTION

1.    In this action, artist Blake Dews, Plaintiff, seeks relief for the violation of his constitutional, statutory, and common law rights by Defendants, and requests injunctive and declaratory relief to enjoin enforcement of University policies that violate Plaintiff's and others' United States and Alabama constitutional rights.

2.    Defendants subjected Plaintiff to humiliation and embarrassment, and injury to his professional reputation, by unlawfully censoring the exhibition of Plaintiff's artistic work, which the Defendants had agreed to display publicly at the HAL Hall of Honor on the Troy University campus, contravening Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution; 42 U.S.C. § 1983, Article I, Section 4 of the Constitution of the State of Alabama, and the laws of the State of Alabama.  Plaintiff accordingly requests such relief, in law and equity, necessary to remedy the Defendants' improper and unlawful conduct.

3.    In addition, this action seeks injunctive and declaratory relief from Troy University's policy and practice of unlawfully restricting speech through overbroad, vague, and content-based discrimination.  These policies and practices contravene Plaintiff's and others' rights under the First and Fourteenth Amendments to the United States Constitution; 42 U.S.C. § 1983, Article I, Section 4 of the Constitution of the State of Alabama, and the laws of the State of Alabama.

## PARTIES

### PLAINTIFF

4.    Plaintiff, Blake Dews, is and at all relevant times was a full-time student at Troy State University, now known as Troy University in Troy, Alabama.  Plaintiff has lived and resided in Troy, Pike County, Alabama during the school year and returns to his permanent

home in Dothan, Alabama when not enrolled in classes. Plaintiff is a Senior at the University majoring in Photo Studio in the College of Communication and Fine Art at Troy University with plans of making art his career.

**DEFENDANTS**

5.     Defendant Troy University (the "University"), formerly known as Troy State University, is an Alabama public State University located in Troy, Pike County, Alabama. The University was established under the laws of the State of Alabama pursuant to Ala. Code §16-56-1 *et seq.* (1975), and as a public institution is a part of the government of the State of Alabama.

6.     Defendant Dr. Jack Hawkins, Jr. ("Dr. Hawkins") is the chancellor of the University.

7.     Defendant Jerry Johnson ("Mr. Johnson") is head of the Department of Art and Design at the University. Mr. Johnson was the Plaintiff's instructor and advisor for the course leading to the dispute giving rise to this claim.

8.     Defendant, Robert Joslin ("Mr. Joslin"), is a professor in the Art and Design Department the University and is Director of Photography. Mr. Joslin was Plaintiff's professor in the course "ART 3348: Photo Studio III" during the fall semester 2003.

## JURISDICTION AND VENUE

9.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1343(4), 1367, 2201, and 2202, and 42 U.S.C. §§ 1983 and 1988.

10.    Venue lies in the Middle District of Alabama pursuant to 28 U.S.C. § 1391(b). All parties reside in this district, and all claims for relief arose in this district.

## FACTS COMMON TO ALL COUNTS

Plaintiff alleges, upon information and belief:

**THE UNIVERSITY REGULATIONS**

11.    Undergraduate student life at the University is governed by a number of disparate documents and policies. Two of these documents, published annually by the University, are the "Student Handbook" and the "Undergraduate Bulletin." Together, these documents contain comprehensive student conduct guidelines that regulate speech on the University's campus. Collectively, those portions of these guidelines regulating speech will be referred to throughout this Complaint as the University's "speech codes." A copy of the speech codes contained in the Student Handbook and Undergraduate Bulletin, including the versions in effect when Plaintiff entered the University and the versions currently in effect, are included as Exhibit 1 to this Complaint.

**SEXUAL HARASSMENT POLICY**

12.    Page 30 of the Student Handbook provides a "Policy of Sexual Harassment" that states that "sexual harassment by anyone (whether in the classroom, the office, at a university sponsored function, or within any university environment) will not be tolerated." The term, "sexual harassment" is defined therein as "any type of sexually oriented misconduct that is unwelcome or inappropriate."

13.    Page 30 of the Student Handbook provides that "[e]xamples of sexual harassment include, but are not limited to:"

　　　　(1) Demanding sexual favors in exchange for favorable evaluations, assignments, promotions, continued

employment, grades, letters of recommendation or similar promises;

(2)    subtle pressure for sexual activity;

(3)    continued or repeated sexual jokes, kidding, teasing, epithets, flirtation, advances, or propositions;

(4)    derogatory or demeaning comments about gender, whether sexual or not;

(5)    harassment consistently targeted at only one sex, even if the content of the verbal abuse is not sexual;

(6)    verbal abuse of a sexual nature;

(7)    graphic verbal commentary about an individual's body, clothing, sexual prowess, or sexual deficiencies;

(8)    sexually degrading or vulgar words to describe an individual;

(9)    leering, whistling, touching, pinching, brushing the body, assault, coerced sexual acts, or suggestive, insulting, or obscene comments or gestures;

(10)   the display in the workplace or academic environment of sexually suggestive objects, pictures, posters or cartoons;

(11)   introduction or utilization of inappropriate sexual material in an academic setting;

(12)   name calling, relating stories, gossip, comments or jokes that may be derogatory toward a particular sex;

(13)   the display of sexually suggestive graffiti;

(14) asking questions about sexual conduct or sexual orientation or preferences;

(15) offensive, repeated requests for dates, even if made after work; and

(16) continued advances of a sexual nature which are rejected, even after the parties break off a consensual sexual relationship.

14.     Page 33 of the Student Handbook states that individuals, including students, that violate these guidelines are subject to disciplinary action, including disciplinary warning, suspension, or expulsion.

**STANDARDS OF CONDUCT**

15.     Pages 40-41 of the Student Handbook and 34-36 of the Undergraduate Bulletin contain descriptions of certain types of "misconduct" in which students are prohibited from engaging. This section, entitled "Standards of Conduct," provides that "[a]ll students enrolling in Troy University assume an obligation to conduct themselves at all times as responsible members of the campus community and in accordance with standards of common decency and decorum, with recognition and respect for the personal and property rights of others and the educational mission of the university." In addition, "a student or organization may be disciplined, up to and including suspension and expulsion, and is deemed in violation of the 'STANDARDS OF CONDUCT', for the commission of or the attempt to commit any of the following offenses:"

. . .

(12) Lewd, indecent, obscene behavior or expression.

. . .

    (19)  Any activity that creates a mentally abusive, oppressive, or harmful situation for another is a violation. Use of the mail, telephone, computer and electronic messages, or any other means of communication to insult, threaten, or demean another is prohibited.

. . .

    (23)  Any other activity or conduct not specifically stated herein that impairs or endangers any person, property, or the educational environment of the University.

## TECHNOLOGY USE POLICY

16.    Page 27 of the Student Handbook provides for a "Technology Use Policy" that governs operation of the University's technologies, including computers and telephones. The policy provides, in part, that "the University shall take disciplinary and/or legal action, as appropriate, against individuals who violate this policy."

17.    On page 28 of the Student Handbook, the technology policy provides:

Cruelty, obscenity, crudity, and offensiveness, for the sake of offensiveness, have no place in the public discourse of a University community. As members of the University community, we are all responsible to one another and to the thinking and thoughtful community of which each of us ought to be a valuable part. Each of us must be considerate of other users of University computer resources and facilities.

**HAZING POLICY**

18.    Page 21 of the Student Handbook (reiterated on page 33 of the Undergraduate Bulletin) provides that "[h]azing in any form is absolutely prohibited at Troy University.  For enforcement purposes, this policy applies to both individuals and organizations."

19.    The Hazing Policy references the definition of "hazing" contained in Ala. Code 1975 § 16-1-23, but states, "[a]dditionally, for the purpose of these standards, hazing is any action taken or situation created, whether on or off organizational premises, to produce mental or physical discomfort, embarrassment, harassment, or ridicule to any person, **whether or not such person has consented to participation in the activity.**" (emphasis original)  Under the policy, hazing includes, but is not limited to, "engaging in public stunts, morally degrading or humiliating activities," and "any other activities which are not consistent with fraternal law, ritual, or policy or the regulations and policies of Troy University."

**REASSURANCES REGARDING FREEDOM OF SPEECH, ASSEMBLY, AND DUE PROCESS**

20.    On page 25 of the Student Handbook, under a section entitled "Speech and Demonstration Policies," it is therein stated:

> Troy University recognizes and supports the rights of students and employees to speak in public and to demonstrate in a lawful manner in designated areas of the campus and at designated times.  In order to maintain safety, security and order, and to ensure the orderly scheduling of campus facilities, and to preclude conflicts with academic and curricular activities, Troy University reserves the right to limit

such activities regarding the time, place, and manner of such activities.

21.    Pages 36-37 of the Undergraduate Bulletin state, in relevant part:

Student Rights and Responsibilities

General:    Troy State University seeks to provide an environment in which the student can develop into an effective citizen and become a useful and productive member of society. By enrolling in the university, the student neither loses the rights nor escapes the duties of a citizen.  Each student is expected to conduct his/her personal life in the context of mutual regard for the rights, property, and privileges of others. Therefore, it is expected that students will demonstrate respect for the law and for the necessity of orderly conduct in the affairs of the community.

In circumstances where this preferred conduct fails, the university will rely upon the rules and procedures described in its Standards of Conduct to hold accountable those violating university rules and regulations.

Student Rights:  The following enumeration of rights shall not be construed to deny or disparage others retained by students in their capacity as members of the student body or as citizens of the community at large.  A major concern of the university is to provide each student the opportunity to learn.    Some

personal freedoms and rights of students include, but are not limited to:

(1) Free inquiry, expression, and assembly.

...

(4) Right to procedural and substantive due process in university disciplinary action.

. . .

(7) Freedom from unfair or obscene treatment from others.

## THE UNIVERSITY'S DENIAL OF PLAINTIFF'S CONSTITUTIONAL AND CONTRACTUAL RIGHTS

22.     In or about August 2003, Plaintiff, Blake Dews, as part of the required curriculum for Photo Studio majors at the University enrolled in the course "ART 4435: Collaborative Studio" (the "Course").

23.     Defendant, Mr. Johnson, head of the Communications and Fine Art Department at the University, was the instructor for the Course.

24.     As a requirement of the Course, all enrolled artists were instructed by Mr. Johnson to create a piece of art work based on the theme "birth," which would be displayed in the HAL Hall of Honor on the University's campus at the end of the fall semester 2003 going into the following spring semester 2004.  No other stipulations or restrictions were placed on the assignment.

25.     At the beginning of the Course, Plaintiff received approval from Mr. Johnson for Plaintiff's concept, including the fact that the work would contain nude images.

26.    Additionally, Plaintiff was required to participate in weekly evaluations of his work as it progressed at which time Mr. Johnson and the other artists in the class were able to view the work in various stages.

27.    To complete his art, Plaintiff worked countless hours over a four month period and expended approximately $1,000.00 of his own money.

28.    Plaintiff's untitled finished piece was a collage that consisted of 16 black-and-white photographs of male and female models -- some of which are depicted in the nude, yet none of which are engaged in sexual activity or posed with a member of the opposite sex while nude;

29.    Two days prior to the exhibit opening at the HAL Hall of Honor, Mr. Johnson and Professor Duane Paxson viewed the exhibit in its final form, and both expressed pleasure with how the work turned out, and did not express any concern over the nude images contained therein.

30.    The exhibit at the HAL Hall of Honor opened just prior to Thanksgiving 2003 with Plaintiff's work initially being displayed as promised.

31.    The exhibit was sponsored by the University and was open for display not only for artists enrolled in the course, but also for the general public, with no formal restrictions or requirements set out by the University, thereby creating a public forum.

32.    The University provided funding for the exhibit in the form of advertising costs, costs of arranging for the works to be housed in a public building, HAL Hall of Honor, costs associated with the handling of inquiries, and costs associated with contributing instructors' salaries.

33.    A sign was placed outside the exhibit warning "THIS EXHIBIT CONTAINS SOME NUDITY. PLEASE BE ADVISED".

34.    In addition to Plaintiff's work, other art containing nudity was included in the exhibit.

35.    Plaintiff was present when the exhibit opened and heard no negative feedback about his work; on the contrary, he received a positive response from fellow artists.

36.    Plaintiff received an award from the University for the quality of his untitled piece.

37.    Defendant Dr. Hawkins viewed the exhibit prior to the Thanksgiving holidays, yet no concerns regarding the art piece were expressed to Plaintiff at this time.

38.    After Thanksgiving, during finals week, the exhibit was locked and remained locked until the spring semester began in January 2004, preventing the public from viewing any of the exhibit.

39.    Prior to the start of spring semester 2004, Plaintiff had a conversation with Mr. Johnson, in which Mr. Johnson advised Plaintiff that the University's attorneys had been consulted with regard to certain nude images displayed in Plaintiff's work, and Plaintiff was requested to remove these images from the work. In addition, Mr. Johnson warned Plaintiff that he may be in violation of the State of Alabama's criminal obscenity laws.

40.    Plaintiff refused to remove the three images from the work, as the removal of these images would compromise the integrity of the piece and distort its meaning.

41.    Mr. Johnson advised Plaintiff that the University would be in contact with the Plaintiff over the Christmas holidays to advise Plaintiff of the University's decision with regard to Plaintiff's art work.

42.    Plaintiff was not contacted until Sunday, January 11, 2004, one day prior to the start of classes, when Mr. Johnson called Plaintiff on Plaintiff's cellular telephone.

43.    When Plaintiff arrived to remove his work, Plaintiff discovered the three images that had previously been discussed with Mr. Johnson had been removed without Plaintiff's permission.

44.    Plaintiff reluctantly complied with Defendants' demand and immediately removed the entirety of the work from the exhibit, transporting it to a storage building for which Plaintiff has been forced to pay storage costs.

45.    The remaining pieces of art in the exhibit remained and were displayed throughout the spring semester 2004, including other pieces containing nude forms.

46.    To Plaintiff's knowledge, Defendants received no complaints about his work during any period of time the work was displayed.

47.    Plaintiff was awarded an "A" grade for his coursework in "Art 4435: Collaborative Studio."

48.    To date, Defendants have provided no justifiable reason for censorship of the works of the Plaintiff and there exists no substantial or compelling state interest for the unconstitutional actions by Defendants.

49.    Defendant Mr. Joslin, a professor in the Art Department at the University and director of photography, was Plaintiff's professor in "ART 3348: Photo Studio III." Plaintiff was enrolled in this course during the fall semester 2003.

50.    As Plaintiff went to Mr. Joslin's class to pick up Plaintiff's portfolio, Mr. Joslin told Plaintiff never to shoot pornography in his studio, an apparent reference to the Plaintiff's work submitted as required and as supervised by another professor, Mr. Johnson.

51.    Mr. Joslin's statement to Plaintiff was made in a rude and threatening manner, and was made in front of other students, causing Plaintiff to become embarrassed, humiliated and shocked.

## THE EFFECT OF THE UNIVERSITY'S SPEECH CODES AND ACTIONS ON PLAINTIFF

52.    The events as herein described have forced Plaintiff to avoid courses offered by the University which are taught by Mr. Joslin.

53.    The Defendants' conduct has injured Plaintiff by, *inter alia*, causing Plaintiff to fear criminal prosecution under the State of Alabama obscenity laws; depriving him of the ability to display his art by virtue of improper censorship; by impairing the reputation of Plaintiff; by subjecting Plaintiff to public humiliation and embarrassment; by impairing Plaintiff's professional and artistic honor; by placing Plaintiff's artistic reputation in an inaccurate and false light with the public; by impairing Plaintiff's ability to exhibit and market his art; by causing Plaintiff to question his ability as an artist and worth as a student; by causing Plaintiff and other artists to feel constrained with art in the academic setting; and by causing Plaintiff to suffer mental and emotional anguish and public ridicule from or proximately caused by the events of improper censorship herein described.

54.    Plaintiff, as a student at the University, finds himself consistently engaged in conversations and class discussions regarding issues implicated by the speech codes and Plaintiff fears that the discussion of his social, political, religious, or artistic views regarding these issues may be sanctionable under the applicable University speech codes.  In addition, Plaintiff fears that the University speech codes may permit University administrators to discipline him for the

creation and display of artistic projects that he undertakes in class or while a student at the University.

55.     The University's speech codes have a chilling effect on Plaintiff's rights to freely and openly engage in appropriate discussions of his theories, ideas, and political or religious beliefs. By adopting these speech codes, the University has violated rights guaranteed to the Plaintiff – and to all University students – by the First and Fourteenth Amendments to the Constitution of the United States of America and Article I, Section 4 of the Constitution of the State of Alabama. These rights are clearly established by governing legal authority, and Defendants' violations are knowing, intentional and without justification.

56.     The speech codes addressed above are vague, overbroad, discriminate on the basis of content, interfere with the right of free association, impose unconstitutional conditions on the receipt of state benefits, and constitute an illegal prior restraint on the Plaintiff's rights of free speech and assembly. These speech codes are therefore facially invalid. So long as these speech codes survive, the University is causing ongoing and irreparable harm to the Plaintiff and to every student and student organization at the University.

<u>FIRST CLAIM FOR RELIEF</u>
<u>FIRST AND FOURTEENTH AMENDMENTS OF THE</u>
<u>UNITED STATES CONSTITUTION AND</u>
<u>42 U.S.C. SECTION 1983:</u>
<u>UNLAWFUL ABRIDGEMENT OF THE FREEDOM OF SPEECH</u>

57.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 56 as if fully set forth herein.

58.     By their acts of improperly censoring the work of Plaintiff from public exhibition at the HAL Hall of Honor, Defendants have violated Plaintiff's rights to freedom of expression under the First and Fourteenth Amendments.

59.    While acting under the color of state law, Defendants, by the improper censorship of the work of Plaintiff manifested by Defendants' refusal to display Plaintiff's art based on the content and viewpoint of the censored work, have deprived Plaintiff of his right to free expression under the First and Fourteenth Amendments of the United States Constitution in violation of 42 U.S.C. § 1983.

60.    Further, by prohibiting, among other things, "sexually degrading or vulgar words to describe an individual," "suggestive, insulting, or obscene comments," "jokes that may be derogatory toward a particular sex," "indecent . . . behavior or expression," telephone communications that "demean another," "cruelty," and "crudity," the University's speech codes unlawfully restrict the freedom of speech embodied in the First Amendment.  These restrictions are facially overbroad, vague, and explicitly discriminate on the basis of viewpoint and the content of the communication.

61.    Defendants, acting under the color of state law, have enacted regulations that are both vague and overbroad and have therefore deprived the Plaintiff of his clearly established rights to freedom of speech and expression secured by the First Amendment to the Constitution of the United States.

62.    Plaintiff has suffered, is now suffering, and will continue to suffer serious damage to his rights as a result of Defendants' actions, including, but not necessarily limited to, injury to reputation; public ridicule and humiliation; mental and emotional anguish; injury to his artistic honor and integrity; and diminution in value of Plaintiff's art work.  Further, Plaintiff has suffered, is now suffering, and will continue to suffer serious and irreparable damage to his First and Fourteenth Amendment rights unless granted such legal and equitable relief as may be

appropriate in this case, including a preliminary and permanent injunction invalidating and restraining enforcement of the University's speech codes.

63.     Plaintiff should be awarded his attorney's fees and reasonable costs incurred in bringing this action pursuant to 42 U.S.C. § 1988.

SECOND CLAIM FOR RELIEF
ARTICLE I, SECTION 4 OF THE
CONSTITUTION OF THE STATE OF ALABAMA:
UNLAWFUL ABRIDGEMENT OF THE FREEDOM OF SPEECH

64.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 63 as if fully set forth herein.

65.     By their acts of improperly censoring the work of Plaintiff from public exhibition at the HAL Hall of Honor, Defendants have violated Plaintiff's rights to freedom of expression under Article I, Section 4 of the Constitution of the State of Alabama.

66.     While acting under the color of state law, Defendants, by the improper censorship of the work of Plaintiff, manifested by Defendants' refusal to display Plaintiff's art based on the content and viewpoint of the censored work, have deprived Plaintiff of his right to free expression under Article I, Section 4 of the Constitution of the State of Alabama.

67.     Further, by prohibiting, among other things, "sexually degrading or vulgar words to describe an individual," "suggestive, insulting, or obscene comments," "jokes that may be derogatory toward a particular sex," "indecent . . . behavior or expression," telephone communications that "demean another," "cruelty," and "crudity," the University's speech codes unlawfully restrict the freedom of speech embodied in Article I, Section 4 of the Constitution of the State of Alabama.   These restrictions are facially overbroad, vague, and explicitly discriminate on the basis of the content of the communication.

68.    Defendants, acting under the color of state law, have enacted regulations that are both vague and overbroad and have therefore deprived the Plaintiff of his clearly established rights to freedom of speech and expression secured by Article I, Section 4 of the Constitution of the State of Alabama.

69.    Plaintiff has suffered, is now suffering, and will continue to suffer serious harm to his rights as a result of Defendants' actions, including, but not necessarily limited to, injury to reputation; public ridicule and humiliation; mental and emotional anguish; injury to his artistic honor and integrity; and diminution in value of Plaintiff's art work.  Further, Plaintiff has suffered, is now suffering, and will continue to suffer serious and irreparable damage to his rights granted by Article I, Section 4 of the Constitution of the State of Alabama, unless granted such legal and equitable relief as may be appropriate in this case, including a preliminary and permanent injunction invalidating and restraining enforcement of the University's speech codes.

70.    Plaintiff should be awarded his attorney's fees and reasonable costs incurred in bringing this action.

### THIRD CLAIM FOR RELIEF
### FOURTEENTH AMENDMENT OF THE
### UNITED STATES CONSTITUTION AND
### 42 U.S.C. SECTION 1983:
### UNLAWFUL DENIAL OF THE RIGHT TO DUE PROCESS OF LAW

71.    Plaintiff incorporates by reference the allegations in paragraphs 1 through 70 as if fully set forth herein.

72.    By their acts of improperly censoring the work of Plaintiff from public exhibition at the HAL Hall of Honor, Defendants have violated Plaintiff's rights to due process under the Fourteenth Amendment.

73.    While acting under the color of state law, Defendants, by the improper censorship of the work of Plaintiff, manifested by Defendants' refusal to display Plaintiff's art based on the content and viewpoint of the censored works, have deprived Plaintiff of his due process under the Fourteenth Amendment of the United States Constitution in violation of 42 U.S.C. § 1983.

74.    Further, by prohibiting, among other things, "sexually degrading or vulgar words to describe an individual," "suggestive, insulting, or obscene comments," "jokes that may be derogatory toward a particular sex," "indecent . . . behavior or expression," telephone communications that "demean another," "cruelty," and "crudity," the University's speech codes unlawfully restrict the freedom of speech.  These restrictions are facially overbroad and vague, constituting a violation of the Plaintiff's and other's due process rights under the Fourteenth Amendment.

75.    Plaintiff has suffered, is now suffering, and will continue to suffer serious harm to his rights as a result of Defendants' actions, including, but not necessarily limited to, injury to reputation; public ridicule and humiliation; mental and emotional anguish; injury to his artistic honor and integrity; and diminution in value of Plaintiff's art work.  Further, Plaintiff has suffered, is now suffering, and will continue to suffer serious and irreparable damage to his Fourteenth Amendment rights unless granted such legal and equitable relief as may be appropriate in this case, including a preliminary and permanent injunction invalidating and restraining enforcement of the University's speech codes.

76.    Plaintiff should be awarded his attorney's fees and reasonable costs incurred in bringing this action pursuant to 42 U.S.C. § 1988.

FOURTH CLAIM FOR RELIEF
FOURTEENTH AMENDMENT OF THE
UNITED STATES CONSTITUTION AND
42 U.S.C. SECTION 1983:
UNLAWFUL DENIAL OF EQUAL PROTECTION OF THE LAW

77.    The Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 76 of this Complaint.

78.    By their acts of improperly censoring the work of Plaintiff from public exhibition at the HAL Hall of Honor, Defendants have violated Plaintiff's rights to equal protection of the law under the Fourteenth Amendment.

79.    While acting under the color of state law, Defendants, by the improper censorship of the work of Plaintiff, manifested by Defendants' refusal to display Plaintiff's art based on the content and viewpoint of the censored works, have treated Plaintiff differently from other similarly situated students contrary to Plaintiff's right to equal protection of the law under the Fourteenth Amendment of the United States Constitution in violation of 42 U.S.C. § 1983.

80.    Further, by prohibiting, among other things, "sexually degrading or vulgar words to describe an individual," "suggestive, insulting, or obscene comments," "jokes that may be derogatory toward a particular sex," "indecent . . . behavior or expression," telephone communications that "demean another," "cruelty," and "crudity," the University's speech codes unlawfully restrict the freedom of speech. These restrictions constitute unlawful regulation of the content of speech and treat similarly situated individuals differently based upon such content contrary to the Plaintiff's and others' rights under the Fourteenth Amendment.

81.    Plaintiff has suffered, is now suffering, and will continue to suffer serious damage to his rights as a result of Defendants' actions, including, but not necessarily limited to, injury to reputation; public ridicule and humiliation; mental and emotional anguish; injury to his artistic

honor and integrity; and diminution in value of Plaintiff's art work. Further, Plaintiff has suffered, is now suffering, and will continue to suffer serious and irreparable damage to his Fourteenth Amendment rights unless granted such legal and equitable relief as may be appropriate in this case, including a preliminary and permanent injunction invalidating and restraining enforcement of the University's speech codes.

82.    Plaintiff should be awarded his attorney's fees and reasonable costs incurred in bringing this action pursuant to 42 U.S.C. § 1988.

**FIFTH CLAIM FOR RELIEF**
**FIRST AND FOURTEENTH AMENDMENTS OF THE**
**UNITED STATES CONSTITUTION AND**
**42 U.S.C. SECTION 1983:**
**UNLAWFUL CONDITIONS PLACED ON**
**THE RECEIPT OF STATE BENEFITS**

83.    The Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 82 of this Complaint.

84.    By enacting the speech-restrictive regulations outlined above, Defendants, acting under color of state law, have placed unconstitutional conditions on the receipt of state benefits (*i.e.*, the benefit of a higher education at a state-supported University) and have therefore deprived the Plaintiff of his clearly established rights to freedom of speech, due process, equal protection, and association secured by the First and Fourteenth Amendments to the Constitution of the United States.

85.    Because of Defendants' actions, the Plaintiff has suffered, and continues to suffer, irreparable injury, which cannot be fully compensated by an award of money damages. Pursuant to 42 U.S.C. §§ 1983 and 1988, the Plaintiff is entitled to a preliminary and permanent injunction invalidating and restraining enforcement of the University's speech codes.

86.    Plaintiff should be awarded his attorney's fees and reasonable costs incurred in bringing this action pursuant to 42 U.S.C. § 1988.

SIXTH CLAIM FOR RELIEF
ALABAMA COMMON LAW:
BREACH OF CONTRACT

87.    Plaintiff incorporates by reference the allegations in paragraphs 1 through 86 as if fully set forth herein.

88.    As contained in the Student Handbook and Undergraduate Bulletin, the University guaranteed the rights of Plaintiff to "free inquiry, expression, and assembly" as well as "procedural and substantive due process." The University promised to provide students with certain "student rights," including the right to free expression and the right to due process. These promises were important to the Plaintiff's decision to attend the University and to compensate the University for the education he would receive. These promises of the right to free expression were of even greater importance for the Plaintiff given his intent to become an artist. The Defendants' censorship of Plaintiff's work and the existence of the speech codes constitute separate breaches by the University of the contract between the University and Plaintiff.

89.    Additionally, Plaintiff, a full time student enrolled in the course, was promised that if he completed the course assignment as instructed by Mr. Johnson, the work would be displayed in the exhibit at HAL Hall of Honor on the University campus.

90.    Plaintiff, at great expense to himself in terms of both time and money, gave his best effort on the work submitted, and in fact received praise not only from his fellow artists, but from Mr. Johnson, the professor in charge of the class.

91.    Plaintiff fully performed his obligations under the agreement, tendered performance, and detrimentally relied on Defendants' performance, yet Defendants failed to perform their obligations under this agreement by failing to display Plaintiff's work as promised.

92.    By reason of the foregoing, Defendants have breached their contract with the Plaintiff.

93.    The benefits that Defendants promised Plaintiff under the agreement, including the display of his work in the HAL Hall of Honor, are unique contractual benefits which include, but are not limited to, the loss of public exposure and positive recognition that the exhibit would have provided, lost opportunity to sell art work to those who would have attended the exhibit or become aware of Plaintiff's work as a result of such exhibition, and the diminution in value of the works in question, and related works of art, as a result of Defendants' breach of their agreement to exhibit the works of art of Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF BLAKE DEWS respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants as follows:

1.    A declaration and judgment that the forced removal and refusal to exhibit the art work at issue herein in the HAL Hall of Honor constituted improper censorship by Defendants and violated the rights of Plaintiff under the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, and Article I, Section 4, of the Constitution of the State of Alabama;

2.    A declaration and judgment that Defendants' actions further constituted a breach of their contractual agreements between Plaintiff and Defendants;

3.    A declaration and judgment that the University's speech codes are vague, overbroad, and unlawfully restrict protected speech on the basis of content;

4.    Such relief in equity as Plaintiff may be entitled, including but not limited to preliminary and permanent injunctions against Defendant Troy University invalidating and restraining enforcement of the University's speech codes;

5.    Damages for injuries sustained by Plaintiff in accordance with the applicable statutory and common law, including but not limited to damages permitted by 42 U.S.C. § 1983, federal and state common law, and damages resulting from Defendants' breach of their agreements with Plaintiff, directly and indirectly;

6.    The award of Plaintiff's reasonable attorney's fees and costs, pursuant to 42 U.S.C. §§ 1983 and 1988, and such other applicable statutes and common law permitting such fees and costs;

Such other and further relief at law and in equity that the Court deems just and proper.

Respectfully submitted,

_____
William C. White, II (WHI109)
PARKMAN, ADAMS & WHITE
739 W. Main St.
Dothan, AL 36301
Phone: 334-792-1900

_____
James W. Parkman, III (PAR032)
PARKMAN, ADAMS, & WHITE
739 W. Main St.
Dothan, AL 36301
Phone: 334-792-1900