IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BLAKE DEWS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:05-CV-1045-T |
| | ) |
| TROY UNIVERSITY, et al., | ) |
| | ) |
| Defendants. | ) |

**MOTION IN OPPOSITION TO AWARDING DEFENDANT A BILL OF COSTS**

Comes now Plaintiff, Blake Dews, and files his opposition to Defendant, Troy University's, Motion to award a bill of costs in the amount of $1,693.75 and would show the Court as follows:

1. It is presumed that Defendant, Troy University, has requested this relief pursuant to Rule 54(d)(1), F.R.Civ.P. in an attempt to recover costs of the deposition of the Plaintiff.

2. Plaintiff concedes that the prevailing party in an action brought in Federal Court is presumptively entitled to the cost of that action. It is also conceded that the costs of depositions are included in allowable costs under Rule 54.

3. Plaintiff argues that under the law stated in *Easiley v. Norris*, 107 F. Supp.2d 1332 (N.D.Okla.2000), (a copy of which is attached) Troy University is not a prevailing party and therefore, not entitled to costs.

4. In *Easiley*, the court, dealing with a civil rights complaint, following the holding in *Christiansburg Garment Co. V. EEOC*, 434 U.S. 412, 54 L.Ed.2d 648 (1978), stated "a district court may in its discretion award attorneys fees to a prevailing defendant

           in a [civil rights case only] upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Id* at 421.

5.     In light of the *Christiansburg* ruling which pronounced that civil rights defendants should rarely recover fees, *Easiley* set out to define under which set of circumstances a defendant would be the "prevailing party" and therefore entitled to costs in a civil rights action.

6.     *Easiley*, in citing *Farrar v. Hobby*, 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) stated that Congress intended to permit the award of counsel fees only when a party has prevailed on the merits.

7.     Therefore, in order for a defendant to be considered a prevailing party in a civil rights case and entitled to costs, "at the very least defendant would have to make a successful motion for summary judgement on the merits." *Easiley* at 1339 quoting *Marquart v. Lodge 837 of the Int'l Ass'n of Machinists and Aerospace Workers*, 26 F.3d 842 (8thCir.1994).

8.     "In short, a defendant cannot be a prevailing party unless it has benefitted from a judicial determination going to the merits of the case. Because plaintiff voluntarily dismissed (her) own complaint, there was never a judicial declaration on the merits of her case. The (union) could not, therefore, be a prevailing party . . ."

9.     Similarly, here Plaintiff voluntarily dismissed his own complaint alleging violation of his constitutional rights without there ever being a judicial determination as to the merits of the complaint, preventing defendant Troy University from proclaiming prevailing party status.

10.    Even if Defendant, Troy University were the prevailing party, Plaintiff requests the

Court exercise its discretion in denying Defendant's request.

11. It is clear that federal courts have discretion to refuse to tax costs in favor of the prevailing party. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442, 107 S. Ct. 2494, 2497, 96 L.Ed.2d 385 (1987).

12. This Court has previously held in *Blevins v. Heilig-Myers Corporation*, 184 F.R.D. 663 (M.D.Alabama1999), that indigency can be used as a basis to deny the taxing of costs.

13. As stated in Plaintiff's affidavit attached hereto as Exhibit A, it is Plaintiff's position that he cannot afford to pay costs and would ask the court to deny costs on that basis.

14. Defendant, Troy University, in its brief for summary judgement argues at great length that it is a branch of the State of Alabama.

15. It seems inequitable for the State of Alabama to require payment of its deposition costs by a 22 year old recent college graduate who is struggling financially.

16. Should the Court be inclined to grant Defendant's motion, the Plaintiff would respectfully request the Court to exercise its discretion in reducing the costs taxable to the Plaintiff from the $1,693.75 as allowed in *Blevins* at 669.

17. In *Blevins*, the Court reduced the amount payable by Blevins by 90%, which, if allowed in this case would result in costs owed of $169.38.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Blake Dews, respectfully requests that this Court deny Defendant's request to tax costs against the Plaintiff as Troy University does not meet the definition of prevailing party as required for reimbursement, and Plaintiff is indigent and unable to pay those costs requested to Troy University.

Dated this the 21ˢᵗ day of July, 2006.

                                        Respectfully submitted,

                                        s/William C. White, III
                                        Bar No: 6545-H70W
                                        Attorney for Plaintiff
                                        739 West Main Street
                                        Dothan, AL 36301
                                        (334) 792-1900
                                        (334) 712-1352 Facsimile
                                        Email: parkman@graceba.net

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Joseph V. Musso
Attorney for Defendant
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
(205) 328-1900
(205) 328-6000 Facsimile
Email: joseph.musso@odnss.com

                                        s/William C. White, II
                                        OF COUNSEL

Case 2:05-cv-01045-MHT-SRW    Document 53    Filed 07/21/2006    Page 5 of 5