**1332**  **107 FEDERAL SUPPLEMENT, 2d SERIES**

**Reverend Melvin EASILEY, et al., Plaintiffs,**

**v.**

**NORRIS, a Dover Resources Company, Defendant.**

**No. 99–CV–196–K.**

United States District Court, N.D. Oklahoma.

Aug. 9, 2000.

Defendant filed motion for attorney fees as the prevailing party in civil rights action. The District Court, Kern, Chief Judge, adopted report and recommendation of United States Magistrate Judge Joyner, and held that defendant did not qualify as a prevailing party under civil rights fee-shifting statutes.

Motion denied.

**1. Federal Civil Procedure** ⚖**2737.1**

Pursuant to the American Rule, absent a statute or enforceable contract, a prevailing litigant is ordinarily not entitled to recover attorney fees from the loser.

**2. Civil Rights** ⚖**296, 414**

Attorney fees may be recoverable by a party prevailing on either a Title VII or First Amendment claim. Civil Rights Act of 1964, § 706(k), as amended, 42 U.S.C.A. § 2000e–5(k); 42 U.S.C.A. § 1988(b).

**3. Statutes** ⚖**223.2(1.1)**

Courts should interpret § 1988 and Title VII's attorney fees provision in tandem when they address the propriety of awarding attorney fees to a prevailing civil rights party. Civil Rights Act of 1964, § 706(k), as amended, 42 U.S.C.A. § 2000e–5(k); 42 U.S.C.A. § 1988(b).

**4. Civil Rights** ⚖**298, 415**

More rigorous standards apply to fee awards to prevailing defendants than to prevailing plaintiffs in civil rights cases. Civil Rights Act of 1964, § 706(k), as amended, 42 U.S.C.A. § 2000e–5(k); 42 U.S.C.A. § 1988(b).

**5. Civil Rights** ⚖**299, 416**

District court may in its discretion award attorney fees to a prevailing defendant in a civil rights case only upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith. Civil Rights Act of 1964, § 706(k), as amended, 42 U.S.C.A. § 2000e–5(k); 42 U.S.C.A. § 1988(b).

**6. Civil Rights** ⚖**298, 299, 415, 416**

Absent a judicial determination on the merits in the defendant's favor, a defendant cannot establish that it has prevailed on the merits of the case for purposes of civil rights fee-shifting statutes; once a defendant can point to such a judicial determination on the merits, it has earned prevailing party status and it may then recover fees upon a showing, if not inherent in the judicial determination on the merits, that the plaintiff's claim was frivolous, unreasonable or without foundation. Civil Rights Act of 1964, § 706(k), as amended, 42 U.S.C.A. § 2000e–5(k); 42 U.S.C.A. § 1988(b).

**7. Civil Rights** ⚖**299, 416**

Defendant, which obtained a judicial determination on the merits regarding plaintiffs' original complaint seeking only injunctive relief, was not entitled to attorney fees as prevailing defendant in a civil rights case where defendant made no showing that plaintiffs' original complaint was frivolous, unreasonable or without foundation. Civil Rights Act of 1964, § 706(k), as amended, 42 U.S.C.A. § 2000e–5(k); 42 U.S.C.A. § 1988(b).

**8. Civil Rights** ⚖**298, 416**

Defendant did not qualify as a prevailing party under civil rights fee-shifting statutes on plaintiffs' first amended complaint raising Title VII and First Amendment claims where defendant never obtained a judicial determination on the

**EASILEY v. NORRIS**     1333
Cite as 107 F.Supp.2d 1332 (N.D.Okla. 2000)

merits of those claims and where plaintiffs did not voluntarily dismiss their claims in order to avoid an unfavorable judicial determination on the merits. Civil Rights Act of 1964, § 706(k), as amended, 42 U.S.C.A. § 2000e–5(k); 42 U.S.C.A. § 1988(b).

---

Marilyn D. Barringer, Oklahoma City, OK, Grover G. Hankins, Houston, TX, David C. Phillips, III, DC Phillips & Assoc, Tulsa, OK, for plaintiffs.

William Kirk Turner, Kyle L. Buchanan, Daniel R. Ketchum, II, Newton O' Connor Turner & Auer, Tulsa, OK, for defendant.

### *ORDER*

KERN, Chief Judge.

On July 24, 2000, Magistrate Judge Joyner filed his Report and Recommendation, in which he recommended that defendant's application for attorney's fees be denied. No objection has been filed and the time for doing so under Rule 72(b) F.R.Cv.P. has elapsed. Further, the Court has independently reviewed the Report and Recommendation and sees no reason to depart from it.

It is the Order of the Court that the Report and Recommendation (# 163) is hereby adopted and affirmed. The application of the defendant for attorney's fees (# 147) is DENIED.

### *REPORT AND RECOMMENDATION*

JOYNER, United States Magistrate Judge.

Now before the Court is "Defendant's Application for Attorney's Fees and Costs." [Doc. No. 147]. Defendant's motion has been referred to the undersigned for disposition pursuant to 28 U.S.C. § 636 and Fed.R.Civ.P. 72. Pursuant to Fed.R.Civ.P. 54(d)(2)(D), Defendant's motion for attorney fees is to be treated, for purposes of a referral to a magistrate judge, as a dispositive motion under Rule 72(b). Accordingly, the undersigned issues this Report and Recommendation, as opposed to an Order. Having reviewed the entire record, and for the reasons discussed below, the undersigned recommends that Defendant's motion for attorney fees be **DENIED.**

### I. COSTS

With its motion, Defendant seeks to recover the costs and the attorney fees it spent to defend this lawsuit. The cost issue has already been resolved pursuant to the procedure established by N.D. LR 54.1. Defendant submitted a Bill of Costs on May 8, 2000, and Plaintiffs filed objections to Defendant's Bill of Costs. *See* Doc. No. 150. Pursuant to local rule 54.1, Defendant's Bill of Costs and Plaintiffs' objections were set for hearing before the Court Clerk. The Clerk heard argument and ultimately taxed costs in Defendant's favor in the amount of $8,192.11. *See* Doc. No. 154.

Pursuant to local rule 54.1(E) and Fed.R.Civ.P. 54(d)(1), a party may seek judicial review of the Clerk's cost determination by filing a motion for review within five days of the date costs were taxed by the Clerk. The Clerk taxed costs on June 6, 2000. Consequently, a motion for review was due on or before June 19, 2000. No motion for review has been filed by any party. The Clerk's determination of the cost issue, pursuant to 28 U.S.C. §§ 1920, 1924 and Fed.R.Civ.P. 54(d)(1), is therefore final. The undersigned will not revisit the cost issue in this Report and Recommendation. The undersigned will only address whether Defendants are also entitled to recover their attorney fees as the prevailing party in this litigation.

### II. DISCUSSION

Fed.R.Civ.P. 55(d)(2) governs awards of attorney fees in federal courts. Rule 54(d)(2)(A) requires that claims for attorney fees be made by motion "unless the substantive law governing the action provides for the recovery of such fees as an

**1334**                **107 FEDERAL SUPPLEMENT, 2d SERIES**

element of damages to be proved at trial." Defendant was not seeking damages at trial. Consequently, Defendant could not have been required to prove its attorney fees as an element of damages. Defendant has, therefore, properly sought its attorney fees with a timely [1] motion.

Rule 54(d)(2)(B) requires that "a motion for attorney fees specify the statute, rule, or other grounds entitling the moving party to the award [of fees]." Defendant alleges that it is entitled to fees pursuant to 42 U.S.C. §§ 1988(b) and 2000e–5(k). Defendant also alleges that the Court possesses inherent authority to award fees under the facts of this case.

**A. NATURE OF PLAINTIFFS' CLAIMS**

The Court must examine each claim that was being asserted by Plaintiffs to determine whether Defendant is a prevailing party entitled to its attorney fees on each claim. The undersigned will, therefore, summarize the complaints filed in this case.

Plaintiffs filed their original Complaint in this case on March 12, 1999. [Doc. No. 1]. The Complaint invoked the jurisdiction of the Court under Title VII of the Civil Rights Act of 1964 and the Fourteenth Amendment to the United States Constitution. The Complaint alleged that Reverend Melvin Easiley, one of the plaintiffs in this case, is a long-time employment activist for the NAACP, and that he initiated and organized an effort by a number of Defendant's employees to file discrimination charges with the EEOC and to file a class action Title VII discrimination case against Defendant. The Compliant also alleges that Defendant, in retaliation against Rev. Easiley for his activities with Defendant's employees, filed a lawsuit against Rev. Easiley in Tulsa County, Oklahoma. A copy of Defendant's state court Petition is attached to the original Complaint as Exhibit "A."

In its state court Petition against Rev. Easiley, Defendant alleged that it had a collective bargaining agreement between itself and the United Steel–Workers of America, an affiliate of the AFL—CIO–CLC ("the Union"). Defendant alleged that, pursuant to this collective bargaining agreement, it recognized the Union as the exclusive bargaining agent for its hourly employees. Defendant further alleged that, by claiming to represent Defendant's employees, Rev. Easiley was interfering with Defendant's collective bargaining agreement with the Union. In particular, Defendant alleged that Rev. Easiley was interfering with its right to deal exclusively with the Union concerning complaints made by employees about terms and conditions of employment with Defendant. Defendant also alleged that Rev. Easiley injured its business and reputation by recklessly making false statements and accusations to third parties (i.e., former employees, vendors, suppliers and various governmental agencies) about Defendant's business and employment practices. Based on these allegations, Defendant asserted the following claims against Rev. Easiley in the state court action: (1) Defendant alleged that Rev. Easily was liable for tortiously interfering with the contractual and business relationship Defendant had with the Union, one or more of its vendors, and one or more of the governmental agencies which regulates Defendant's business; and (2) Defendant alleged that Rev. Easily was liable to Defendant for slander *per se* due to the allegedly false and misleading statements Rev. Easily had made to various third parties.

In their original Complaint filed in this case, Plaintiffs alleged that Defendant's

---

**1.** A motion for attorney fees must be filed within 14 days after the entry of judgment. *See* Rule 54(d)(2)(B), and N.D. LR 54.2. Judgment was entered in this case on April 24, 2000. [Doc. No. 146]. Defendant's motion for fees was filed on May 8, 2000. [Doc. No. 147]. Defendant's motion was, therefore, timely and Plaintiff does not argue otherwise.

**EASILEY v. NORRIS**  1335
Cite as 107 F.Supp.2d 1332 (N.D.Okla. 2000)

filing of the state court action was an unlawful retaliation against Rev. Easiley and the other Plaintiffs—employees of Defendant who Rev. Easiley assisted in filing various claims against Defendant. Plaintiffs allege that Defendant's filing of the state court action against Rev. Easiley was an unlawful infringement on the exercise of their rights under Title VII. Plaintiffs alleged further that Defendant was engaged in harassing discovery in the state court case which was also infringing on Plaintiffs' statutory and constitutional rights. The only relief sought by Plaintiffs in the original Complaint was an injunction prohibiting Defendant from continuing with its state court action against Rev. Easiley. On March 17, 1999, the Court entered its order denying Plaintiffs' request for injunctive relief and declining to enjoin Defendant's prosecution of the state court action against Rev. Easiley. *See* Doc. No. 7.

Having denied Plaintiffs' request for injunctive relief, the Court found that if Plaintiffs intended to assert claims for affirmative relief, they would be required to file an amended complaint. [Doc. No. 17]. Plaintiffs filed their First Amended Complaint on July 7, 1999. [Doc. No. 18]. This amended complaint contains allegations which are virtually identical to the original complaint. In addition to Title VII and the Fourteenth Amendment, the amended complaint also invokes the jurisdiction of the Court under the First Amendment to the United States Constitution. The amended complaint also asserts the following two claims for affirmative relief against Defendant: (1) Plaintiffs allege that Defendant's state court action infringes on their First Amendment rights;[2] and (2) Plaintiffs allege that because Defendant's state court action was motivated by retaliatory intent, it infringes on their rights under Title VII.

[1] Despite the vague nature of their various claims, it appears that Plaintiffs were attempting to state a claim under Title VII of the Civil Rights Act of 1964 and claims for violation of their First Amendment rights under the United States Constitution. Pursuant to the American Rule, absent a statute or enforceable contract, a prevailing litigant is ordinarily not entitled to recover attorney fees from the loser. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 247, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). There is no evidence of a contract in this case governing the payment of attorney fees. The Court must, therefore, determine whether there is a statute that authorizes Defendant to recover attorney fees for the types of claims asserted by Plaintiffs.

**B. ATTORNEY FEES MAY BE RECOVERABLE BY A PARTY PREVAILING ON EITHER A TITLE VII OR FIRST AMENDMENT CLAIM.**

[2] With Title VII of the Civil Rights Act of 1964, Congress authorized parties

---

2. Plaintiffs' First Amended Complaint is far from a model of clarity. In the section of the First Amended Complaint where Plaintiffs purport to assert a First Amendment claim, Plaintiffs assert that claim only on behalf of Rev. Easiley. That is, Plaintiffs allege only that the state court action violates Rev. Easiley's First Amendment right, presumably to communicate with Defendant's employees as an NAACP representative to assist those employees in redressing alleged violations of their civil rights. *See* Doc. No. 18, ¶¶ 29–32. However, reading the First Amended Complaint as a whole, it could be construed as asserting against Defendant a First Amendment claim on behalf of all Plaintiffs. Although not specifically pled, the undersigned presumes that Plaintiffs are alleging that Defendant's state court action infringed on their right to communicate with Rev. Easily and others about Defendant's conduct and in some manner infringed on their ability to petition the government for a redress of their grievances (e.g., the EEOC). The vagueness of Plaintiffs' First Amended Complaint is confirmed by the fact that they sought leave to file a second amended complaint in part to make it clear that they were seeking compensatory damages for Defendant's alleged First Amendment and Title VII violations. *See* Doc. No. 35. The Court denied leave to file the second amended complaint because the request was untimely. *See* Doc. No. 94.

who are aggrieved by an unlawful employment practice, as defined in 42 U.S.C. §§ 2000e–2 and 2000e–3, to bring federal civil actions against those parties responsible for the unlawful employment practice. *See* 42 U.S.C. § 2000e–5(f)(1). Congress also provided for the recovery of attorney fees as follows:

> In any action or proceeding under [Title VII] the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee (including expert fees) as part of the costs.

42 U.S.C. § 2000e–5(k).

With the passage of the Ku Klux Klan Act of 1871, Congress authorized the bringing of federal civil actions by parties who are deprived of their constitutional rights under color of state law. *See* 42 U.S.C. §§ 1981–1986. This would include any alleged deprivation of rights secured by the First Amendment to the United States Constitution. *See, e.g., Elam Construction, Inc. v. Regional Transportation District,* 129 F.3d 1343 (10th Cir.1997).

With the Civil Rights Attorney's Fees Awards Act of 1976, Congress provided for the recovery of attorney fees in civil rights cases as follows:

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of [title 42], ... title VI of the Civil Rights Act of 1964 (42 U.S.C.A. § 2000d *et seq.*), ... the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs....

42 U.S.C. § 1988(b).

[3] Congress enacted § 1988(b) to "remedy anomalous gaps in our civil rights laws created by the United States Supreme Court's recent decision in *Alyeska* ..., and to achieve consistency in our civil rights laws." S.Rep. No. 1011, 94th Cong., 2d Sess. 1, 2 (1976), reprinted in 1976 U.S.C.C.A.N. 5908, 5910. With § 1988(b), Congress authorized federal courts to provide reasonable attorney fees to prevailing parties in suits to enforce all of the civil rights acts which Congress has passed since 1866. *Id.* Congress specifically drew the language of § 1988(b) from preexisting fee provisions like those in Title VII (i.e., § 2000e–5(k)), and Congress intended that the standards for awarding fees under § 1988 be the same as those under the fee provisions of the 1964 Civil Rights Act. Thus, courts should interpret § 1988(b) and § 2000e–5(k) in tandem when they address the propriety of awarding attorney fees to a prevailing civil rights party. A unified set of standards should be developed and applied in all civil rights cases in which Congress has authorized an award of attorney fees. *See Hensley v. Eckerhart,* 461 U.S. 424, 433 n. 7, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); and *Hughes v. Rowe,* 449 U.S. 5, 14, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980).

### C. Standards for Determining When Attorney Fees Should be Awarded under 42 U.S.C. §§ 1988(b) and 2000e–5(k).

Congress has given federal trial courts the discretion to award a reasonable attorney fee to a prevailing party in a case arising under Title VII of the Civil Rights Act of 1964 and the First Amendment of the United States Constitution. *See* 42 U.S.C. §§ 1988(b) and 2000e–5(k). These statutory provisions are, however, not self-executing. The statutes do not inform the judge as to what factors are relevant to the exercise of his discretion. Given the numerous ways in which litigation can come to an ultimate conclusion, the statutes also do not provide the judge with guidance about when a party should be considered a "prevailing" party. Congress left these difficult issues for judicial interpretation.

#### 1. Standard Applicable to Prevailing Civil Rights Defendants

Neither 1988(b) nor § 2000e–5(k) distinguish between prevailing civil rights plain-

**EASILEY v. NORRIS**     **1337**
Cite as 107 F.Supp.2d 1332 (N.D.Okla. 2000)

tiffs and prevailing civil rights defendants. These statutes authorize the award of attorney fees to both prevailing plaintiffs and prevailing defendants, and they entrust the effectuation of the underlying statutory policy to the discretion of the courts. Exercising this discretion and balancing the equities in order to effectuate the underlying policies of the nation's civil rights laws, the Supreme Court has developed two distinct standards for prevailing civil rights plaintiffs and prevailing civil rights defendants.

[4, 5] Relying on Congress' intent to cast civil rights plaintiffs in the role of private attorneys general, and on the fact that attorney fee awards to prevailing plaintiffs are necessarily awarded against violators of federal law, the Supreme Court has held that a prevailing civil rights plaintiff should ordinarily recover his attorney fees unless special circumstances would render such an award unjust.[3] *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 416–18, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). The Supreme Court has determined that none of the policy considerations supporting the nearly-automatic award of attorney fees to prevailing plaintiffs applies to prevailing defendants. Consequently, more rigorous standards apply to fee awards to prevailing defendants than to prevailing plaintiffs in civil rights cases. The Supreme Court has held that "a district court may in its discretion award attorney fees to a prevailing defendant in a [civil rights case only] upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Id.* at 421, 98 S.Ct. 694.[4] "[N]eedless to say, if a plaintiff is found to have brought or continued such a claim in bad faith, there will be an even stronger basis for charging him with the attorney's fees incurred by the defense." *Id.* at 422, 98 S.Ct. 694.[5] The Supreme Court has found that this dichotomous standard strikes the appropriate balance between the dual policies of the Civil Rights Attorney's Fees Awards Act of 1976: To discourage the litigation of frivolous, unreasonable, groundless, or vexatious claims, but without discouraging the rigorous enforcement by private parties of the nation's civil rights laws.

### 2. When Does a Civil Rights Defendant Prevail?

#### a. *Marquart and Hughes*

[6] The United States Supreme Court has specifically addressed the circumstances under which a civil rights plaintiff is said to "prevail" for purposes of civil rights fee-shifting statutes like §§ 1988(b) and 2000e–5(k). *See Farrar v. Hobby*, 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992). The Supreme Court has, however, not addressed the circumstances under which a civil rights defendant will be found to be a prevailing party. The undersigned

---

3. The Supreme Court also found it extremely significant that one Congressional policy underlying all of the nation's civil rights laws was to encourage the vindication of core federal rights which might otherwise remain unenforced because of a plaintiff's lack of resources, often due to the loss of employment caused by the derogation of the very federal right to be enforced, and the small size of the expected recovery. *See* S.Rep. No. 1011, 94th Cong., 2d Sess. 1, 2–3 (1976), reprinted in 1976 U.S.C.C.A.N. 5908, 5910–11.

4. In determining whether this standard has been met, the Court must assess Plaintiffs' claims at the time they were filed. The Court must avoid the post-hoc reasoning that, because the plaintiff did not ultimately prevail, the claim must have been frivolous, unreasonable or without foundation. *Christiansburg*, 434 U.S. at 421–22, 98 S.Ct. 694.

5. Plaintiffs are, therefore, clearly wrong when they state in their response brief that civil rights "defendants are only awarded fees and litigation costs where it can be demonstrated that the plaintiffs' claim is brought in 'bad faith, vexatiously, wantonly, or for oppressive reason[s].'" Doc. No. 151, pp. 1–2.

**1338**  **107 FEDERAL SUPPLEMENT, 2d SERIES**

has only found one circuit court which has squarely addressed the prevailing defendant issue in light of *Christiansburg* and *Farrar*. *See Marquart v. Lodge 837 of the Int'l Ass'n of Machinists and Aerospace Workers*, 26 F.3d 842 (8th Cir.1994). The Eighth Circuit's holding in *Marquart* has been followed by a district court in the Tenth Circuit. *See Hughes v. Unified School District # 330, Wabaunsee County, Kansas*, 872 F.Supp. 882 (D.Kan.1994). The undersigned will, therefore, look to *Marquart* and *Hughes* for guidance in determining whether Plaintiffs' voluntary dismissal of their claims with prejudice qualifies Defendant as a prevailing party under either § 1988(b) or § 2000e–5(k).

In *Farrar* the Supreme Court held that to be a prevailing party under § 1988(b), a plaintiff would have to obtain actual relief on the merits which "materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar*, 506 U.S. at 111–112, 113 S.Ct. 566 (a holding with which the concurrence and dissent agree). If this test were used to determine prevailing status for civil rights defendants, as well as civil rights plaintiffs, Defendant would technically be a prevailing party because Plaintiffs' voluntary dismissal of their complaint with prejudice materially altered the legal relationship between Plaintiffs and Defendant to the benefit of Defendant – Plaintiffs are now forever barred from asserting these same claims against Defendant. However, for the reasons outlined by the Eighth Circuit in *Marquart*, the undersigned finds that the Supreme Court would not apply the test annunciated in *Farrar* to determine prevailing status for civil rights defendants.

The plaintiff in *Marquart* worked for the McDonnell Douglas Corporation and she was a member of the International Association of Machinists & Aerospace Workers ("the union"). Plaintiff brought a Title VII action against her union, alleging that the union retaliated, or conspired with her employer to retaliate, against her because she had made sexual harassment complaints against other union members. Four days before trial of her Title VII claim, plaintiff moved to voluntarily dismiss her complaint with prejudice. The district court granted plaintiff's request, dismissed her complaint, and without analysis awarded the union its attorney fees as the prevailing party under § 2000e–5(k) after finding, pursuant to *Christiansburg*, that plaintiff's claim was without foundation. Plaintiff appealed the fee award and the Eighth Circuit reversed, holding that the union was not a prevailing party under § 2000e–5(k).

The issue first addressed by the Eighth Circuit on appeal was whether *Farrar's* "material alteration" test should be considered as a general prevailing party definition for civil rights cases (i.e., whether it should be extended to defendants). The Eighth Circuit concluded that *Farrar* should be limited to defining prevailing civil rights plaintiffs, and it should not be used as a general prevailing party definition. The Eighth Circuit based its conclusion on the following rationales: First, with *Christiansburg* the Supreme Court has specifically held that civil rights plaintiffs and defendants are to be treated differently when it comes to fee-shifting statues. Second, for the reasons stated in *Christiansburg*, a prevailing civil rights defendant is entitled to attorney fees only in very narrow circumstances. Third, the Supreme Court has on several occasions, while discussing prevailing plaintiff status, had the opportunity to adopt a general definition of prevailing party and it has chosen not to do so.[6] Had the Supreme Court wished to adopt such a general defi-

---

6. *See, e.g., Farrar, Hewitt v. Helms,* 482 U.S. 755, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987); *Rhodes v. Stewart,* 488 U.S. 1, 109 S.Ct. 202, 102 L.Ed.2d 1 (1988); and *Texas State Teach-*

**EASILEY v. NORRIS**     **1339**
Cite as 107 F.Supp.2d 1332 (N.D.Okla. 2000)

nition it probably would have done so. Instead, the Supreme Court has interpreted § 1988(b) and § 2000e–5(k) as mandating separate standards for prevailing civil rights plaintiffs and prevailing civil rights defendants. "Thus, the *Farrar* definition of prevailing plaintiff cannot be transformed into a definition for prevailing party in general." *Marquart,* 26 F.3d at 851.

Having determined that *Farrar's* prevailing plaintiff test could not be applied wholesale to the union, the Eighth Circuit was required to fashion a test which was consistent with the Supreme Court's analysis in *Christiansburg* and *Farrar.* Based on *Christiansburg's* pronouncement that civil rights defendants should rarely recover fees, the Eighth Circuit held that at the very least a prevailing defendant must prove that a plaintiff's case is frivolous, unreasonable, or groundless. Based on *Farrar's* pronouncement that Congress intended to permit the award of counsel fees only when a party has prevailed on the merits, the Eighth Circuit went on to hold that proof that a plaintiff's case is frivolous, unreasonable or groundless must follow a judicial determination of the plaintiff's case on the merits. Thus, at the very least defendant would have to make a successful motion for summary judgment on the merits. *Marquart,* 26 F.3d at 852. In short, a defendant cannot be a prevailing party unless it has benefitted from a judicial determination going to the merits of the case.[7] Because plaintiff voluntarily dismissed her own complaint, there was never a judicial declaration on the merits of her case. The union could not, therefore, be a prevailing party under § 2000e–5(k). *Id.* Consequently, the Eighth Circuit reversed the district court's award of fees to the union.

The District of Kansas followed *Marquart* in *Hughes* and held that a voluntary dismissal with prejudice by a civil rights plaintiff did not confer prevailing party status on the defendant under § 1988(b). In *Hughes,* the plaintiff was the former superintendent of the defendant school district. Defendant terminated plaintiff, and plaintiff filed suit alleging that defendant had violated his right to procedural due process. Discovery in the case began, and after certain depositions had been noticed, plaintiff filed a motion to voluntarily dismiss his action with prejudice, which the court granted. Defendant then filed a motion seeking fees as the prevailing party under § 1988(b). Following *Marquart,* the court denied defendant's motion for fees. *Hughes,* 872 F.Supp. at 882–84. The court explicitly determined that an order dismissing a case with prejudice is not a judicial determination on the merits if it simply grants a voluntary motion to dismiss. Such an order is not a judicial determination on the merits of the case sufficient to confer prevailing party status on the defendant. *Id.* at 886.

The court in *Hughes* considered other approaches and rejected them in favor of the Eighth Circuit's approach. The court held that permitting a defendant to recover fees by simply establishing, after a voluntary dismissal by plaintiff, that the plaintiff's case was frivolous, unreasonable, or without foundation would permit the defendant to bypass the prevailing party step. In other words, the courts in *Hughes* and *Marquart* required the defendant to show that at some point prior to

---

ers Ass'n v. Garland Independent School Dist., 489 U.S. 782, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989).

7. The Eighth Circuit recognized a limited exception to its judicial determination rule for those cases where it was clear that the plaintiff voluntarily dismissed her complaint to escape an unfavorable judicial determination on the merits (e.g., a dismissal which comes after oral argument on a motion for summary judgment at which the court has indicated that it would sustain the motion, but before an order granting summary judgment has been entered). *Marquart,* 26 F.3d at 852.

**1340**    **107 FEDERAL SUPPLEMENT, 2d SERIES**

the moment it sought fees, there had been a judicial determination on the merits in the defendant's favor. Absent such a judicial determination, a defendant cannot establish that it has prevailed on the merits of the case. *Hughes,* 872 F.Supp. at 887. Once a defendant can point to such a judicial determination on the merits, it has earned prevailing party status and it may then recover fees upon a showing, if not inherent in the judicial determination on the merits, that the plaintiff's claim was frivolous, unreasonable or without foundation.[8] As the court in *Hughes* held, the Eighth Circuit's rule

> assures separate, meaningful treatment of the prevailing party and the merit steps. It furthers the same policy reasons given by the Supreme Court for distinguishing between plaintiffs and defendants under § 1988. It limits the need for mini-trials, if not full-blown trials, on the merits of the lawsuit whenever a plaintiff chooses to dismiss the case. It gives defendants the incentive to act promptly in seeking dispositive relief when the legal issues are controlling or when there are no genuine issues of material fact. It still encourages plaintiffs to dismiss promptly those cases plagued with proof problems. Finally, it keeps defendants from retaliating against plaintiffs or deterring other plaintiffs with the prospect of costly, protracted [post-dismissal] fee litigation.

*Hughes,* 872 F.Supp. at 887. The undersigned finds the holdings in *Marquart* and *Hughes* persuasive and recommends that they be applied to this case in the absence of any Tenth Circuit precedent directly on point.

**b. *Farrar***

As discussed in the previous section, the undersigned is convinced, for the reasons stated in *Marquart* and *Hughes* that the Supreme Court would not apply *Farrar* to determine prevailing party status for civil rights defendants. Nevertheless, even if *Farrar* were applied to this case, the undersigned finds that *Farrar* would counsel against awarding any attorney fees to Defendant in this case.

The plaintiff in *Farrar* filed a § 1983 action alleging various constitutional violations by the defendant, and seeking $17 million in compensatory damages. The case was tried to a jury. Plaintiff lost on all claims, but one, and on the one he was awarded only nominal damages in the amount of $1 after an appeal. Plaintiff then moved to recover his attorney fees under § 1988(b) as the prevailing party. The trial court granted plaintiff's motion and awarded fees. The court of appeals reversed the fee award, and the Supreme Court affirmed the circuit's denial of fees to the plaintiff.

The Supreme Court held that the plaintiff was "technically" a prevailing party because he had altered the legal relationship between himself and defendant by recovering nominal damages from defendant. The Supreme Court held, however, that under the circumstances a "reasonable" fee for this prevailing plaintiff was zero. The Court held that "[a]lthough the

---

**8.** *See, e.g., EEOC v. Hendrix College,* 53 F.3d 209, 211 (8th Cir.1995); and *Chacon v. Ezekiel,* 957 F.Supp. 1265, 1267 (S.D.Fla.1997) (holding that civil rights defendant could not be a prevailing where there had been no judicial adjudication on the merits because plaintiff voluntarily dismissed her claims pursuant to Fed.R.Civ.P. 41). None of the cases cited by Defendant are to the contrary. In each case Defendant cites, the case was either tried to judgment in favor of the defendant or a directed verdict was entered in favor of the defendant. *See EEOC v. St. Louis–San Francisco Rwy. Co.,* 743 F.2d 739 (10th Cir.1984); *Marshall v. Nelson Electric,* 766 F.Supp. 1018 (N.D.Okla.1991); and *Tang v. State of Rhode Island,* 163 F.3d 7 (1st Cir.1998). There was, therefore, no need for these case to address whether a judicial determination on the merits is necessary to confer prevailing party status on a defendant under either § 1988(b) or § 2000e–5(k).

**EASILEY v. NORRIS**      **1341**
Cite as 107 F.Supp.2d 1332 (N.D.Okla. 2000)

'technical' nature of a nominal damages award or any other judgment does not affect the prevailing party inquiry, it does bear on the propriety of fees awarded under § 1988." *Farrar,* 506 U.S. at 114, 113 S.Ct. 566. "In some circumstances, even a plaintiff who formally 'prevails' under § 1988 should receive no attorney's fees at all. A plaintiff [like the one *Farrar*] who seeks compensatory damages but receives no more than nominal damages is often such a prevailing party." *Id.* at 115, 113 S.Ct. 566.

The undersigned finds that Defendant is in a substantially similar position to that of the plaintiff in *Farrar.* There is no real difference between a plaintiff who "prevails" by winning nominal damages and a defendant who "prevails" because the plaintiff voluntarily dismissed his lawsuit. In both situations, the party may be said to have technically prevailed. However, in both types of cases, the reasonable fee for such a technically prevailing party should be zero as it was in *Farrar.* Thus, if *Farrar* were applied to this case, the undersigned would apply it fully and recommend that a reasonable fee for Defendant would be zero.

### 3. Applying The *Marquart/Hughes* Standard to Plaintiffs' Claims

[7] Defendant did obtain a judicial determination on the merits regarding Plaintiff's original Complaint, which sought only injunctive relief. The Court considered the merits and denied injunctive relief. *See* Doc. No. 7. Defendant has made no showing, however, that Plaintiffs' original Complaint for injunctive relief was frivolous, unreasonable or without foundation as required by *Christiansburg.* In fact, Defendant's motion is directed solely at the claims for compensatory damages pled by Plaintiffs in their First Amended Complaint. The undersigned finds, therefore, that no attorney fees should be awarded to Defendant in connection with the injunction claim in Plaintiffs' original complaint.

[8] With regard to the Title VII and First Amendment claims in Plaintiffs' First Amended Complaint, Defendant never obtained a judicial determination on the merits of these claims as required by *Marquart* and *Hughes.* Defendant does not, therefore, qualify as a prevailing party under either § 1988(b) or § 2000e–5(k).

There are often numerous tactical reasons why a plaintiff would choose to voluntarily dismiss his claim. Plaintiffs in this case had an appeal pending in the Tenth Circuit, upon which they were apparently willing to rely for vindication of their rights. Plaintiffs in this case were also plagued by their inability to find adequate representation. Their lead counsel had been personally sanctioned by the Court on several occasions and he was embroiled in personal commitments which prevented him from adequately prosecuting this case on Plaintiffs' behalf. Based on a review of the entire record, the undersigned finds, therefore, that Plaintiffs did not voluntarily dismiss their claims in order to avoid an unfavorable judicial determination on the merits which was looming on the horizon. The exception outlined in *Marquart* is, therefore, not applicable in this case.

### *RECOMMENDATION*

The undersigned hereby recommends that Defendant's motion for attorney fees as the prevailing party be **DENIED.** [Doc. No. 147]. Having failed to obtain a judicial determination on the merits, Defendant does not qualify as a prevailing party under either 42 U.S.C. § 1988(b) or § 2000e–5(k).

### *OBJECTIONS*

The District Judge assigned to this case will conduct a de novo review of the record and determine whether to adopt or revise this Report and Recommendation or whether to recommit the matter to the undersigned. As part of his/her review of

**1342**        **107 FEDERAL SUPPLEMENT, 2d SERIES**

the record, the District Judge will consider the parties' written objections to this Report and Recommendation. A party wishing to file objections to this Report and Recommendation must do so within ten days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). The failure to file written objections to this Report and Recommendation may bar the party failing to object from appealing any of the factual or legal findings in this Report and Recommendation that are accepted or adopted by the District Court. *See Moore v. United States,* 950 F.2d 656 (10th Cir.1991); and *Talley v. Hesse,* 91 F.3d 1411, 1412–13 (10th Cir.1996).

July 24, 2000.



**Joseph Alexander MARTIN, et al., Plaintiffs,**

v.

**Junior ANDERSON, et al., Defendants.**

Civ. A. No. 97–W–1334–N.

United States District Court,
M.D. Alabama,
Northern Division.

June 25, 1999.

Arrestees brought § 1983 suit against city and city police officers, alleging the use of excessive force during their arrest. One plaintiff asserted claim for false arrest and imprisonment, and both plaintiffs asserted state law assault and battery claim against the officers. On defendants' motion for summary judgment, the District Court, Walker, United States Magistrate Judge, held that: (1) genuine issues of material fact precluded summary judgment on all excessive force claims, except for one based on inaction of officers; (2) summary judgment was precluded on cause of action for conspiracy to commit assault and battery; (3) summary judgment was precluded on false arrest and imprisonment claims; and (4) plaintiffs failed to establish municipal liability based on inadequate training or custom or policy of not disciplining officers for the use of excessive force.

Motion granted in part and denied in part.

**1. Arrest** ⚖63.5(7), 68(2)

All claims that law enforcement officers have used excessive force, deadly or not, in the course of an arrest, investigatory stop, or other seizure of a free citizen should be analyzed under the Fourth Amendment and its "reasonableness" standard. U.S.C.A. Const.Amend. 4.

**2. Arrest** ⚖68(2)

Application of the Fourth Amendment "reasonableness" standard to excessive force claim requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. U.S.C.A. Const. Amend. 4.

**3. Federal Civil Procedure** ⚖2491.5

Genuine issues of material fact existed as to whether arrestee obeyed orders at scene of arrest, and whether officer kicked