IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BLAKE DEWS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:05-CV-1045-T |
| | ) |
| TROY UNIVERSITY, et al., | ) |
| | ) |
| Defendants. | ) |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION IN OPPOSITION
TO AWARDING DEFENDANT A BILL OF COSTS**

Defendant, Troy University, has requested a bill of costs pursuant to Rule 54(d)(1), F.R.Civ.P. in an attempt to recover costs of the deposition of the Plaintiff. Plaintiff files this brief in opposition to awarding the Defendant this bill of costs as: 1. Defendant is not entitled as they are not a "prevailing party" for purposes of this rule, and 2. Even if Defendant were prevailing party, the Plaintiff requests the Court exercise discretion in denying Defendant this bill of costs due to his financial situation.

**I.   PREVAILING PARTY**

Plaintiff concedes that the prevailing party in an action brought in Federal Court is presumptively entitled to the cost of that action. It is also conceded that the costs of depositions are included in allowable costs under Rule 54. Troy University is not a prevailing party and therefore, not entitled to costs. *Easiley v. Norris*, 107 F. Supp.2d 1332 (N.D.Okla.2000),

In *Easiley*, the court, dealing with a civil rights complaint, following the holding in *Christiansburg Garment Co. V. EEOC*, 434 U.S. 412, 54 L.Ed.2d 648 (1978), stated "a district court

may in its discretion award attorneys fees to a prevailing defendant in a [civil rights case only] upon a finding that the plaintiff's action was frivolous , unreasonable, or without foundation." *Id* at 421. In light of the *Christiansburg* ruling which pronounced that civil rights defendants should rarely recover fees, *Easiley* set out to define under which set of circumstances a defendant would be the "prevailing party" and therefore entitled to costs in a civil rights action. *Easiley*, in citing *Farrar v. Hobby*, 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) stated that Congress intended to permit the award of counsel fees only when a party has prevailed on the merits.

Therefore, in order for a defendant to be considered a prevailing party in a civil rights case and entitled to costs, "at the very least defendant would have to make a successful motion for summary judgement on the merits." *Easiley* at 1339 quoting *Marquart v. Lodge 837 of the Int'l Ass'n of Machinists and Aerospace Workers*, 26 F.3d 842 (8thCir.1994).

"In short, a defendant cannot be a prevailing party unless it has benefitted from a judicial determination going to the merits of the case. Because plaintiff voluntarily dismissed (her) own complaint, there was never a judicial declaration on the merits of her case. The (union) could not, therefore, be a prevailing party . . ." *Easiley* at 1339. While *Easiley* deals with the granting of attorney's fees and our case deals with deposition costs, the utility in *Easiley* for purposes of the case at bar is in the defining of "prevailing party."

As in *Easiley*, here Plaintiff voluntarily dismissed his own complaint alleging violation of his constitutional rights without there ever being a judicial determination as to the merits of the complaint, preventing defendant Troy University from proclaiming prevailing party status. As Troy cannot proclaim prevailing party status, they are not entitled to the relief which they have requested and there request is due to be denied.

II.   **DISCRETION OF THE COURT**

Even if Defendant, Troy University were the prevailing party, Plaintiff requests the Court exercise its discretion in denying Defendant's request.

It is clear that federal courts have discretion to refuse to tax costs in favor of the prevailing party. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442, 107 S. Ct. 2494, 2497, 96 L.Ed.2d 385 (1987).

However, this Court has previously held in *Blevins v. Heilig-Myers Corporation*, 184 F.R.D. 663 (M.D.Alabama1999), that indigency can be used as a basis to deny the taxing of costs.

Plaintiff's affidavit submitted in support of his opposition to Defendant's motion establishes that he is a recent graduate of Troy University. His financial condition is not strong as he is currently earning a gross wage of $9.00 per hour for 40 hours per week. This is an estimated $1500 per month before taxes. He lists his monthly expenses at approximately $1395 in after tax money. He is sharing an apartment with a roommate due to his inability to afford his own residence. His parents his car payments and car insurance payments as he cannot afford these expenses. He specifically states he is not in a position where he can afford to pay the costs requested.

Defendant, Troy University, in its brief for summary judgement argues at great length that it is a branch of the State of Alabama. It seems inequitable for the State of Alabama to require payment of its deposition costs by a 22 year old recent college graduate who is struggling financially. In Plaintiff's affidavit, he details how he still owes approximately $20,000 in student loans, much of which was for tuition paid to the Defendant.

Should the Court be inclined to grant Defendant's motion, the Plaintiff would respectfully request the Court to exercise its discretion in reducing the costs taxable to the Plaintiff from the $1,693.75 as allowed in *Blevins* at 669. In *Blevins*, the Court reduced the amount payable by Blevins

by 90%, which, if allowed in this case would result in costs owed of $169.38.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Blake Dews, respectfully requests that this Court deny Defendant's request to tax costs against the Plaintiff as Troy University does not meet the definition of prevailing party as required for reimbursement, and Plaintiff is indigent and unable to pay those costs requested to Troy University.

Dated this the 7th day of August, 2006.

                                              Respectfully submitted,

                                              s/William C. White, III
                                              Bar No: 6545-H70W
                                              Attorney for Plaintiff
                                              PARKMAN, ADAMS & WHITE, LLC
                                              739 West Main Street
                                              Dothan, AL 36301
                                              (334) 792-1900
                                              (334) 712-1352 Facsimile
                                              Email: parkman@graceba.net

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Joseph V. Musso
Attorney for Defendant
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
(205) 328-1900
(205) 328-6000 Facsimile
Email: joseph.musso@odnss.com

                                              s/William C. White, II
                                              OF COUNSEL