IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BLAKE DEWS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: |
| ) | 2:05-CV-1045-T |
| TROY UNIVERSITY, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT TROY UNIVERSITY'S BRIEF
IN SUPPORT OF ITS MOTION TO AWARD COSTS**

Defendant Troy University's Motion to Award a Bill of Costs is due to be granted and Plaintiff Blake Dews should be directed to pay the $1,693.75 cost bill filed in this case on July 13, 2006. Troy University is a prevailing party because it was the recipient of plaintiff's voluntary dismissal with prejudice, and Rule 54(d) of the Federal Rules of Civil Procedure states that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."

Plaintiff brought this lawsuit claiming his constitutional rights were violated, sought and received publicity in the press disparaging Troy University, forced Troy University to spend tens of thousands of dollars to defend the case, and then simply walked away. Troy University is a state institution. Those dollars are taxpayer dollars. The least Plaintiff should be

required is to pay the reasonable costs with regard to Troy University's Motion for Summary Judgment noted in Defendant's Bill of Costs.

A.      **Procedural History**

1.      On October 31, 2005, Plaintiff Blake Dews filed a lawsuit against Troy University and individual defendants Dr. Jack Hawkins, Jerry Johnson, and Robert Joslin.

2.      Plaintiff alleged that Troy University and individual defendants Hawkins, Johnson, and Joslin violated his First and Fourteenth Amendment rights, violated his State Constitutional rights, and breached a contract.

3.      In order to defend itself in the case, Troy University had to take Plaintiff's deposition.

4.      Subsequent to Plaintiff's deposition, on April 27, 2006, Troy University timely filed a Motion for Summary Judgment on May 23, 2006, with accompanying brief and evidence. It was a lengthy brief given the number of claims and defendants in the case, as well as the number of immunity and case-in-chief issues that had to be raised.

5.      Contemporaneously with filing its Motion for Summary Judgment, Defendants moved on May 23, 2006, to file under seal photographs of potentially underage models which Plaintiff took and claimed he had a right to display on Troy's campus.

6. On May 23, 2006, Plaintiff filed a Motion for Partial Summary Judgment against Troy University.

7. On Friday, June 9, 2006, Plaintiff informed Defendants that he would be dismissing the case with prejudice before the June 12, 2006, deadline for all parties to respond to the respective dispositive motions.

8. Plaintiff then filed notice of voluntary dismissal with prejudice on June 12, 2006, which the Court granted on June 13, 2006.

9. Of course, by Friday, June 9, 2006, Troy University had already begun preparing a brief in opposition to Plaintiff's Motion for Partial Summary Judgment.

10. The notice of voluntary dismissal with prejudice was filed well after Troy University served an answer in the complaint. Therefore, dismissal had to occur upon order of the Court. Rule 41(a)(2) of the Federal Rules of Civil Procedure states that if an adverse party has served an answer, "an action shall not be dismissed at the plaintiff's instance save upon order of the court."

11. The Court entered an Order of Dismissal with prejudice on June 13, 2006.

B.  ***Bonner* Precedent Establishes that Defendant Troy University *Is* a Prevailing Party**

Plaintiff cites a non-binding, and in this case not even persuasive, Northern District of Oklahoma case to support his incorrect claim that Troy University is not a prevailing party. The case plaintiff cites, Easiley v. Norris, 107 F. Supp. 2d 1332 (N.D. Okla. 2000), is really a case about an award of attorney's fees, which Troy University is not seeking. Therefore, the Easiley case's use of the "frivolous, unreasonable, or without foundation" attorney fee-shifting analysis announced in Christianburg Garment Co. v. EEOC, 434 U.S. 412 (1978), is inapplicable to Troy University's Motion to Award a Bill of Costs.

What is applicable to this case is binding Bonner precedent case law that establishes that Troy University is a prevailing party. In Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981. That means that Anthony v. Marion County General Hospital, 617 F.2d 1164 (5th Cir. 1980), is binding in this case. In Anthony, the Fifth Circuit stated that "[a]lthough there has not been an adjudication on the merits in the sense of a weighing of facts, there remains the fact that a dismissal with prejudice is deemed an adjudication on

4

the merits for the purposes of *res judicata*. As such, the [defendant] has clearly prevailed in this litigation." 617 F.2d 1169-70.

The Fifth Circuit case of <u>Schwarz v. Folloder</u>, 767 F.2d 125, 130 (5th Cir. 1985), which cites <u>Anthony</u>, clearly points out why a dismissal with prejudice pursuant to Rule 41(a)(2) is an adjudication in favor of a defendant:

> "[I]f a dismissal is without prejudice to the plaintiff, then the later it is granted the more likely it is to harm the defendant by subjecting him to the potential of additional litigation expenses . . . . The situation is different in the case of a dismissal with prejudice. Dismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and is a bar to further action between the parties. An adjudication in favor of the defendants, by court or jury, can rise no higher than this . . . . Consequently, **no matter when a dismissal with prejudice is granted**, it does not harm the defendant: The defendant receives all that he would have received had the case been completed." (emphasis added) (internal quotations and citations omitted).

Moreover, <u>Schwarz</u>, 767 F.2d at 130, notes why it therefore follows that such a prevailing party is due costs pursuant to Rule 54(d) of the Rules of Civil Procedure:

> "Rule 54(d) directs that 'costs shall be allowed as of course to the prevailing party unless the court otherwise direct.' Under this rule, the decision to award costs turns on whether a party, as a practical matter, has prevailed. Having already held that a dismissal with prejudice may be granted at any time in a lawsuit because it does not prejudice the defendant, we would be inconsistent to deny the defendant 'prevailing party' status, since such a denial would be precisely the type of prejudice to

5

the defendant that we claimed would not occur. Because a dismissal with prejudice is tantamount to a judgment on the merits, the defendant in this case . . . is clearly the prevailing party and should ordinarily be entitled to costs."

### C.  **Plaintiff Blake Dews Is Not Indigent**

Dews comparing his financial status to that of the plaintiff in Blevin v. Helig-Myers Corporation, 184 F.R.D. 663 (M.D. Ala. 1999), is like comparing apples and oranges. In Blevin, the plaintiff seeking a reduced award of costs was unemployed due to a serious car wreck which rang up $100,000 in unpaid family medical bills. Plaintiff's husband in Blevin, a non-party, was also involved in the car wreck and was unemployed for eleven months with no income. The plaintiff in Blevin and her husband had a six-year-old child and a house note. Moreover, in Blevin the plaintiff seeking a cost award reduction only brought two state law claims versus a co-plaintiff in the case who brought Title VII claims as well.

In this case, plaintiff Blake Dews has not been in a serious car wreck, does not owe $100,000 in medical bills, does not have to support a child, is gainfully employed, and brought multiple claims against Troy University, including federal and state free speech claims, federal and state due process claims, and a breach of contract claim, all of which required Troy University to prepare a costly summary judgment brief and evidentiary submission.

Furthermore, a close review of plaintiff Blake Dews' affidavit submitted to oppose Troy University's Motion to Amend Costs shows that it does not sufficiently explain the need for some of the costs quoted in the document. While the medical bills in <u>Blevin</u> are understandable, Dews fails to explain why he needs $70 per month for a phone as alleged in his affidavit. Does he have a cell phone? Is he claiming he would be indigent without one? Moreover, his affidavit refers to "clothing costs of $100 a month." Is someone indigent because they can only budget $1,200 a year for clothing, which is more than defense counsel pays for his off-the-rack clothes most years? The bottom-line is that Plaintiff's affidavit fails to establish that Plaintiff is truly indigent and that a cost award of $1,693.75, which is what Troy University's motion seeks, would cause Plaintiff financial ruin.

**D.   <u>Nothing "Inequitable" About the Troy University Trying to Recoup Some of the State Taxpayers' Money</u>**

Plaintiff argues at page 3 of his brief opposing an award of costs that "[i]t seems inequitable for the State of Alabama to require payment of its deposition costs by a 22 year old recent college graduate who is struggling financially." First, as stated in Part C of this brief, Plaintiff is not indigent. Second, state taxpayers paid for the deposition fee and other costs listed in

Troy University's Bill of Costs. There is nothing inequitable in Troy University trying to recoup taxpayer money. Plaintiff brought this lawsuit, not Troy University. Plaintiff sought and received publicity in the press disparaging Troy University, forced Troy University to spend tens of thousands of dollars of taxpayer money to defend the case, and then simply walked away.

### E.  Conclusion

For the foregoing reasons and for the reasons stated in the Motion itself, Defendant Troy University respectfully requests that is Motion to Award a Bill of Costs is due to be granted.

Respectfully submitted,

s/ Joseph V. Musso
Bar No:  ASB-4825-O40J
James C. Pennington
Peyton Lacy, Jr.
Attorneys for Defendant
Ogletree, Deakins, Nash,
    Smoak & Stewart, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama  35203-2118
Telephone:  (205) 328-1900
Facsimile :  (205) 328-6000
Email:joseph.musso@ogletreedeakins.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/EDF system which will send notification of such filing to the following:

James W. Parkman, III
Parkman & Associates
Email:   parkman@graceba.net

William C. White, III
Parkman & Associates
Email:   parkman@graceba.net


s/ Joseph V. Musso


4262423.1