IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| BLAKE DEWS, )<br>)<br>   Plaintiff, )<br>)<br>   v. )<br>)<br>TROY UNIVERSITY, )<br>etc., et al., )<br>)<br>   Defendants. ) | CIVIL ACTION NO.<br>2:05cv1045-MHT<br>(WO) |

OPINION AND ORDER

This case is before the court on defendant Troy University's motion to award costs in the amount of $ 1,693.75.  The motion will be granted.


I. BACKGROUND

Plaintiff Blake Dews, a "photo studio" student at Troy, brought this lawsuit against the university and several of its administrative officials and faculty, charging that they violated federal and state laws when they censored and refused to display his art project,

which he describes in his complaint as "a collage ... of 16 black-and-white photographs of male and female models--some of which are depicted in the nude, yet none of which are engaged in sexual activity or posed with a member of the opposite sex while nude."  Compl. ¶ 28 (doc. no. 1).  The parties engaged in discovery, and the defendants filed a motion for summary judgment.  On the day Dews's response to the summary-judgment motion was due, he filed a motion to dismiss, with prejudice, his entire complaint.  The record does not reflect that the parties reached a settlement agreement.  This court granted Dews's motion and dismissed the case.  Troy timely filed a bill of costs and a motion to award costs, which Dews opposes.

## II. DISCUSSION

The taxation of costs that normally accompanies final judgment is governed by Rule 54(d)(1) of the Federal Rules of Civil Procedure: "Except when express provision

therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."

## A. Prevailing Party

The first question is whether Troy is the prevailing party in this litigation. When a plaintiff voluntarily dismisses an action with prejudice, the defendant is considered the prevailing party. Mathews v. Crosby, 480 F.3d 1265, 1276 (11th Cir. 2007); see also Mother & Father v. Cassidy, 338 F.3d 704, 710 (7th Cir. 2003); Schwarz v. Folloder, 767 F.2d 125, 130 (5th Cir. 1985).

Dews cites Easiley v. Norris, 107 F.Supp.2d 1332 (N.D. Okla. 2000) (Kern, C.J., adopting report & recommendation of Joyner, M.J.), for the proposition that a defendant is not a prevailing party when the plaintiff has voluntarily dismissed the complaint. Easiley, however, addresses the definition of 'prevailing party'

in the context of attorney's fees, not costs. Although Dews argues that <u>Easiley</u>'s definition of 'prevailing party' should be applied to costs as well as fees, in fact the term is not synonymous in both contexts. <u>See</u> 10 James Wm. Moore, <u>Moore's Federal Practice</u> § 54.101[3], at 54-160 to -161 (3d ed. 2007) (discussing the different meaning of 'prevailing party' in the context of costs versus fees, particularly for voluntary dismissal of civil-rights cases). In any event, <u>Easiley</u> is not binding on this court, whereas <u>Mathews v. Crosby</u> is. Therefore, Troy is the prevailing party in this case.


B. Court's Discretion to Deny or Reduce Costs

The next question is whether the court should exercise its discretion not to tax costs against Dews, or to reduce the costs taxable against him, even though Troy is the prevailing party. Rule 54(d) "establishes a presumption that costs are to be awarded to a prevailing party, but vests the district court with discretion to

4

decide otherwise." Chapman v. AI Transp., 229 F.3d 1012, 1038 (11th Cir. 2000) (en banc). "The presumption that the prevailing party is entitled to costs must be overcome by some showing that an award would be inequitable under the circumstances. The losing party bears the burden of making this showing." 10 Moore, supra, § 54.101[1][b] at 54-152. Courts may employ a case-by-case approach in considering objections to costs awards under Rule 54(d)(1). 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2668, at 231 (3d ed. 1998).

In this case, Dews argues that he is indigent and unable to pay costs. Dews has filed an affidavit in which he states that he graduated from Troy in 2005 with approximately $ 20,000 in student-loan debt, that he is employed full-time at a frame factory earning $ 9 per hour, that he has expenses of approximately $ 1,395 per month, and that he must rely on his parents for his car payments and car insurance. According to Dews, because

5

of his inability to pay, the court should reduce costs by 90 %, from $ 1,693.75 to $ 169.38.

In this circuit, "a non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d)." Chapman, 229 F.3d at 1039. Before that factor can be considered, there must be "clear proof of the non-prevailing party's dire financial circumstances." Id. Additionally, "Even in those rare circumstances where the non-prevailing party's financial circumstances are considered in determining the amount of costs to be awarded, a court may not decline to award any costs at all." Id.

In Blevins v. Heilig-Meyers Corp., 184 F.R.D. 663 (M.D. Ala. 1999) (Thompson, J.), this court exercised its discretion to reduce costs against an indigent plaintiff:

> "The record establishes that [plaintiff], her husband, and her six-year-old son would suffer substantial financial hardship should she be required to pay her full share of the defendants' litigation costs.

> [Plaintiff] has been unemployed since December 16, 1996, when her family was involved in a car accident in which she was seriously injured. She has $ 100,000 in outstanding hospital bills from that accident. As a result of the accident, her husband was unemployed for eleven months with no income. Her husband now brings home $ 735 every two weeks. [Their] expenses, which include a house payment of $ 632.00 per month, are more than their monthly income."

Blevins, 184 F.R.D. at 669 (footnotes omitted). In light of these facts, the court reduced the costs taxed against that plaintiff by 90 %. Id.

Dews's situation bears a certain resemblance to that of the plaintiff in Blevins described above: Dews has significant debt and his expenses exceed his income. However, Dews is a recent college graduate with steady employment and no dependents. His debt, which is for student loans, is not crippling; he makes payments in accordance with a typical monthly plan. It is important to note that in Blevins, this court declined to reduce costs against another plaintiff, whom the court described as being "of modest means, but not poor." Id. While the

7

court is sympathetic to the important constitutional rights Dews believed had been violated and while, more aptly, the court appreciates his financial circumstances, the court would not go so far as to describe those circumstances as "dire." Chapman, 229 F.3d at 1039. Additionally, although a bill of costs in the amount of $ 1,693.75 is steep, it is not insurmountable. In sum, the court concludes that Dews has not met his burden of demonstrating the inequity of awarding Troy costs under the circumstances.

* * *

Accordingly, it is the ORDERED as follows:

(1) Defendant Troy University's motion to award costs (doc. no. 52) is granted.

(2) Defendant Troy University shall have and recover from plaintiff Blake Dews costs in the amount of $ 1,693.75.

DONE, this the 9th day of July, 2007.

                                /s/ Myron H. Thompson
                          UNITED STATES DISTRICT JUDGE